**Boni Honore Daniel DIBI a/k/a Daniel Diby, Petitioner,**

v.

**A.D. MOYER, District Director of the Immigration and Naturalization Service, Respondent.**

No. 92–C–552.

United States District Court, E.D. Wisconsin.

Aug. 6, 1992.

Nicholas Grapses, Madison, Wis., for petitioner.

John E. Fryatt, U.S. Atty. by Stephen Ingraham, Asst. U.S. Atty., John Hurlbut, U.S. I.N.S., Milwaukee, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On May 20, 1992, the petitioner, Boni Honore Daniel Dibi, commenced the above-captioned action with the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 106(a)(10) of the Immigration and Nationality Act [the Act], 8 U.S.C. § 1105a(a)(10). By order dated May 21, 1992, the court ordered that the respondent, A.D. Moyer, the District Director of the Immigration and Naturalization Service [the INS] show cause why the petition should not be granted. On June 8, 1992, the respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction along with an alternative motion for summary judgment.

The petition calls upon the court to address a troubling question regarding a district court's authority for judicial review under § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10). That question has given rise to a divergence of opinion among the federal courts: Two courts of appeals—those for the second and the ninth circuits—have determined that a district court has broad habeas corpus jurisdiction under the Act; at least one district court in this circuit has construed its habeas corpus authority under the Act more narrowly. The court of appeals for the seventh circuit has not directly confronted the question presented in this petition.

Given the complexity of the issues presented, on July 8, 1992, the court conducted a hearing on the petition and the pending motions. Upon review of the entire record of proceedings, the court will grant the respondent's motion to dismiss the petition for lack of subject matter jurisdiction.

## I. BACKGROUND

Examination of the record discloses that there is no basic dispute between the parties as to the facts underlying the petition.

The petitioner is a native of the Ivory Coast, who lawfully entered the United States as a non-immigrant visitor on May 9, 1987; he was authorized by the INS to remain only until November 8, 1987. However, he did not leave the country when his authorization expired. Instead, on August 12, 1988, he married one Beverly Osborne, a United States citizen. Ms. Osborne subsequently filed an "I–130 petition" with the INS in order to secure a visa entitling her new husband to remain in this country so that he could ultimately become a lawful permanent resident. Apparently their marital bliss was fleeting; less than a year later, on June 8, 1989, Ms. Osborne withdrew her petition. The two were divorced on September 12, 1989.

On July 18, 1989, the INS issued an order to show cause why Mr. Dibi should not be deported. The petitioner did not contest his deportability but remained in this country. In the interim, on March 27, 1990, he married one Denise Carty, a United States citizen. Because the marriage took place during deportation proceedings, under the law governing at that time, Ms. Carty was not entitled to petition to have her new husband become a permanent resident.

On October 24, 1990, an immigration judge found that the petitioner was deportable and entered an order of deportation; the judge granted the petitioner the privilege of "voluntary departure" on or before February 15, 1991. The petitioner had six months to file a petition for review of that final deportation order, see § 106(a)(1) of the Act, 8 U.S.C. § 1105a(a)(1). (For orders entered on or after January 1, 1991, the time for filing a petition for review has been reduced to 90 days, see § 545(b) and (g) of the Immigration Act of 1990.) At all events, he did not appeal the deportation order.

Nevertheless, on February 15, 1991, he filed a motion to reopen the deportation proceedings that had culminated in the October 24, 1990, deportation order pursuant to § 242(b) of the Act, 8 U.S.C. § 1252(b). The motion to reopen was based on an intervening change in the law. On November 29, 1990, a series of amendments to the Act took effect. One amendment now allowed an alien to obtain an immigrant visa on the basis of a marriage entered while,

among other things, deportation proceedings are pending, if it is established by clear and convincing evidence that the marriage was entered in good faith and not for procuring the alien's entry. *See* Section 245(e)(3) of the Act, 8 U.S.C. § 1255(e)(3), as amended by § 702(b) of the Immigration Act of 1990. The amendment was intended to have both retroactive and prospective effect, *see* § 702(c) of the Immigration Act of 1990.

On March 15, 1991, while the motion to reopen was pending, the INS issued an order that Mr. Dibi report for deportation on April 2, 1991; the order was delivered to him by registered mail with receipt requested; it was received by the petitioner, signed by him, and returned to the INS on March 23, 1991. Mr. Dibi did not report for deportation as ordered. On November 5, 1991, the district director of the INS (the respondent in this action) stayed the petitioner's deportation until the scheduled date of the hearing on the motion to reopen, March 5, 1992.

On November 14, 1991, the motion to reopen was denied because no visa petition had yet been approved for the petitioner, which made him ineligible for any adjustment of status. However, about a month later, on December 16, 1991, the INS approved a visa (I–130) petition filed by the petitioner's second wife (although the approval of that petition is not the same as the issuance of the immigrant visa itself). Mr. Dibi then, on January 27, 1992, filed a *second* motion to reopen the deportation proceedings. On February 20, 1992, an immigration judge granted the petitioner another stay of deportation pending the determination of that motion.

On March 26, 1992, the immigration judge denied the second motion to reopen in a one page order. The judge did not address the relevant amendment to § 245(e)(3) of the Act, 8 U.S.C. § 1255(e)(3); instead, the judge denied the motion "as a matter of discretion" because the petitioner had previously failed to depart the country as ordered. On April 3, 1992, the petitioner filed a notice of appeal with the Board of Immigration Appeals [the BIA] from the immigration judge's March 26, 1992, order denying his second motion to reopen. That appeal is now pending.

Along with his notice of appeal, Mr. Dibi filed a motion requesting from the BIA a stay of deportation pending his appeal of the denial of his second motion to reopen. His request for a stay was denied by the BIA on May 5, 1992; the stated justification for the decision was this: "After consideration of all information, the [BIA] has concluded that there is little likelihood that the [second] motion [to reopen] will be granted." The record discloses that the petitioner was to have reported for deportation on May 5, 1992. He did not.

The present petition was filed on May 20, 1992. In his petition, Mr. Dibi seeks judicial review of the denial both (1) of his second motion to reopen (by the immigration judge) and (2) of the accompanying motion for a stay of deportation (by the BIA). He also purports to challenge the BIA's "disregarding to decide the motion to reopen"; because, as he conceded at the hearing, his appeal with the BIA is pending, the court will not consider this claim of "disregard" by the BIA.

## II. ANALYSIS

The court of appeals for the seventh circuit has identified the avenues of legal recourse that become available to an alien who is subject to an order of deportation:

> [the] alien may seek to reopen the deportation proceedings, *see* 8 U.S.C. § 1252(b), to suspend deportation and adjust the alien's status, *see* 8 U.S.C. § 1254(a), to depart voluntarily, *see* 8 U.S.C. § 1254(e), or to stay the deportation order for a limited time, *see* 8 C.F.R. § 243.4.

*Bal v. Moyer*, 883 F.2d 45, 47 (7th Cir.1989) (per curiam). Under the Act, the appropriate forum for judicial review of an adverse order of the INS (or one of its officers) depends upon which of these options, if any, the alien has elected to pursue.

Section 106(a) of the Act provides the court of appeals with "sole and exclusive" authority for

the judicial review of all final orders of deportation heretofore and hereafter made against aliens within the United States pursuant to administrative procedures under [§ 242(b) of the Act, 8 U.S.C.] section 1252(b)[,] or comparable provisions of any prior Act, except that—

\* \* \* \* \* \*

(10) any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings.

8 U.S.C. § 1105a(a). Habeas corpus proceedings, the noteworthy exception to the court of appeals' exclusive jurisdiction, are, of course, commenced in the district court, *see* 28 U.S.C. § 2241.

■ The respondent, by motion to dismiss, challenges subject matter jurisdiction citing, among other things, the court of appeals' "exclusive jurisdiction over all final orders of deportation and all orders which are closely related or incidental to the deportation proceedings." A motion to dismiss for lack of subject matter jurisdiction, made pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, is considered a "speaking motion" for which the court may "view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists." *Bowyer v. United States Department of Air Force*, 875 F.2d 632, 635–36 (7th Cir.1989), *cert. denied*, 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990); *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir.1989), *cert. denied*, 495 U.S. 957, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990). *See also Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986) (motion to dismiss for lack of subject matter jurisdiction is best analogized to a motion for summary judgment made pursuant to Rule 56, Federal Rules of Civil Procedure). While the court may weigh any conflicting evidence and resolve any factual disputes upon which the subject matter jurisdiction determination is based, *see Bowyer*, 875 F.2d at 635–36, for purposes of the present motion to dismiss, there is no dispute as to the relevant jurisdictional facts.

The petitioner is unquestionably subject to a final deportation order, which was entered by an immigration judge on October 24, 1990. Subsequently, he filed successive motions to reopen his deportation proceedings before the immigration judge, pursuant to § 242(b) of the Act, 8 U.S.C. § 1252(b). Both motions were denied. Concurrently, he obtained an administrative stay of deportation from the district director, which stay, by its own terms, extended no later than March 5, 1992, and is not implicated by this petition. Following the immigration judge's denial of his *second* motion to reopen, the petitioner filed a notice of appeal to the BIA; the appeal is now pending. He also filed with the BIA a motion to stay deportation pending his appeal; this motion was denied on May 5, 1992, giving rise to the present petition for a writ of habeas corpus.

In the petition, the petitioner seeks judicial review of the denial of his second motion to reopen (by the immigration judge) and the denial of the accompanying motion for a stay of deportation (by the BIA). The relevant jurisdictional question is whether either of those matters falls within the "sole and exclusive" authority of the court of appeals under § 106(a) of the Act, 8 U.S.C. § 1105a(a), or within the exception— this court's authority to conduct "habeas corpus proceedings" under § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10).

■ A motion to reopen deportation proceedings is, itself, an administrative proceeding brought "pursuant to administrative procedures under [§ 242(b) of the Act, 8 U.S.C.] § 1252(b)," see § 106(a) of the Act, 8 U.S.C. § 1105a(a). The exclusive authority for judicial review of a decision by an immigration judge or the BIA to deny a motion to reopen rests with the court of appeals. *Diaz–Salazar v. INS*, 700 F.2d 1156, 1159 (7th Cir.) (*citing Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964) (per curiam)), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983). *See also Daneshvar v. Chauvin*, 644 F.2d 1248, 1250 (8th Cir. 1981) (motion to reopen is an attempt to contest the validity of the deportation order

and is "squarely within" § 106(a) of the Act). As a result, this court has no authority to review that matter in a habeas corpus proceeding brought under § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10). In any event, that matter is now on appeal before the BIA. Judicial review of the matter, if sought by the petitioner, will be had in the court of appeals after the BIA decides his appeal of the immigration judge's decision, see § 106(a) of the Act, 8 U.S.C. § 1105a(a).

■ Ascertaining the proper forum for judicial review of a decision to deny a stay of deportation poses a more difficult question—one on which federal courts have disagreed. Two courts of appeals have broadly construed a district court's habeas corpus jurisdiction under the Act to review the denial of a stay of deportation. See Blancada v. Turnage, 891 F.2d 688, 689 (9th Cir.1989) ("district court has jurisdiction on habeas to review the district director's, [immigration judge]'s, or BIA's denial of a stay of deportation"); Anderson v. McElroy, 953 F.2d 803, 805–06 (2d Cir.1992) (citing Blancada while holding that a district court has authority to review the BIA's denial of a motion for a stay in habeas corpus proceedings). At least one district court in this circuit has construed its habeas corpus authority under the Act more narrowly, see Saleh v. Meese, 669 F.Supp. 885, 896 (N.D.Ill.1987) (Shadur, J.) (district court has authority to review only a decision by the district director to deny a stay). The court of appeals for the seventh circuit has not directly confronted the question— although it recently suggested, under different circumstances, that the BIA's denial of a stay is "potentially reviewable (if at all)" only in a habeas corpus proceeding. Akrap v. INS, 966 F.2d 267, 270 (7th Cir. 1992) (Shadur, J., sitting by designation).

In Blancada, the court of appeals for the ninth circuit cited Dhangu v. INS, 812 F.2d 455, 459 (9th Cir.1987), where it had previously found it error for a district court to dismiss for lack of subject matter jurisdiction a petition for habeas corpus challenging the district director's denial of a request for a stay of deportation. The actual holding in Dhangu was unremarkable: it simply followed the Supreme Court's identical holding in Cheng Fan Kwok v. INS, 392 U.S. 206, 212–13, 88 S.Ct. 1970, 1974–75, 20 L.Ed.2d 1037 (1968). However, in Dhangu, the court—with little explanation or analysis—lumped decisions by the immigration judge and BIA in with decisions the district director, working an expansion of the authority of district courts under § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10), in the process. 812 F.2d at 459 (citing Kemper v. INS, 705 F.2d 1150, 1150 (9th Cir.1983)).

In Blancada, the alien's petition for a writ of habeas corpus challenged the BIA's denial of a motion for a stay of deportation. The court reversed the district court's denial of the petition on the merits; notably, the petition had not been dismissed for lack of subject matter jurisdiction. Nonetheless, on its way to addressing the merits of the petition, the court tersely—without explanation—cited Dhangu for the rule that the BIA's denial of a motion for a stay of deportation may be reviewed in a petition for a writ of habeas corpus. Subsequently, in Anderson, the rule stated in Blancada was cited in passing by the court of appeals for the second circuit, which reversed the district judge's denial of habeas corpus relief to an alien who had been denied a deportation stay by the BIA.

In Saleh, Judge Shadur examined the entitlement of an alien to the writ of habeas corpus where the alien had not sought a stay of deportation from the district director, but instead from an immigration judge and the BIA. Judge Shadur dismissed the petition for lack of subject matter jurisdiction, concluding that under § 106(a) of the Act, 8 U.S.C. § 1105a(a), a distinction must be drawn between the denial of a stay by the district director and a denial of a stay by an immigration judge or the BIA. Those conclusions were reduced as follows:

> Aliens facing imminent deportation thus have three independent sources to stay such deportation. District directors initially decide such requests, and their decisions can be reviewed immediately in habeas proceedings. If the alien also filed a motion to reopen, he or she can

also request a stay from the immigration judge during the time that motion is pending. If the motion to reopen is denied, the alien can request a stay from [the] BIA during the pendency of the appeal from that denial. [A]ny further appeal from the immigration judge's or [the] BIA's denial of a stay must await judicial review until it can be coupled with the appeal to a court of appeals from [the] BIA's denial of the motion to reopen.

*Saleh,* 669 F.Supp. at 896. *See also* 8 C.F.R. § 243.4 (district director may in the exercise of discretion grant a stay of deportation); 8 C.F.R. § 242.22 (immigration judge may stay deportation); 8 C.F.R. § 3.6 (the BIA may stay deportation).

As noted, the Supreme Court interpreted the judicial review provisions of § 106(a) of the Act, 8 U.S.C. § 1105a(a), in *Cheng Fan Kwok v. INS,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968), where it ruled that those provisions "embrace only those determinations made during a proceeding conducted under § 242(b) [of the Act, 8 U.S.C. § 1252(b) ], including those determinations made incident to a motion to reopen such proceedings." Upon examination of, among other things, the Supreme Court's decision in *Cheng Fan Kwok,* I am convinced that the distinction, for purposes of judicial review, between a decision by the district director to deny a deportation stay and a similar decision by an immigration judge or by the BIA is more significant than credited in *Dhangu, Blancada,* or *Anderson.*

■ A stay of deportation entered by the *district director* is not literally a final order of deportation under the terms of § 106(a) of the Act, 8 U.S.C. § 1105a(a), see *Cheng Fan Kwok,* 392 U.S. at 212, 88 S.Ct. at 1974. As the Court noted, a motion for a stay of deportation filed with the district director does not attack the validity of the deportation order itself—it seeks relief "not inconsistent with" that order. *Cheng Fan Kwok,* 392 U.S. at 213, 88 S.Ct. at 1975; *Bal,* 883 F.2d at 47. Simply put, the district director's decision to grant or deny a stay of deportation is "entirely distinct"

from proceedings, if any, conducted under § 242(b) of the Act, 8 U.S.C. § 1252(b), *see Cheng Fan Kwok,* 392 U.S. at 213, 88 S.Ct. at 1974–75. (The decision is governed instead by 8 C.F.R. § 243.4, which guides the district director's exercise of discretion.) For these reasons, the Court determined that the district director's decision to deny a stay of deportation may be reviewed by the district court in habeas corpus proceedings, *see* § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10). *Cheng Fan Kwok,* 392 U.S. at 217, 88 S.Ct. at 1976. *See also Bothyo v. Moyer,* 772 F.2d 353, 355 n. 1 (7th Cir.1985) (the denial of a stay or deportation by a district director "is not a final order of deportation and [is] not directly appealable to the court of appeals because the denial is not entered in the course of a proceeding before an immigration judge under 8 U.S.C. § 1252(b)").

■ However, there is a difference where the motion for a stay is directed to the immigration judge or the BIA during the consideration of a motion to reopen deportation proceedings—plainly an attack on the deportation order. As noted, whether before an immigration judge or the BIA, proceedings relating to a motion to reopen deportation proceedings are brought under § 242(b) of the Act, 8 U.S.C. § 1252(b). As was true in this case, the motion for a stay of deportation accompanies—and is sought pending a determination of—the motion to reopen the deportation proceedings. The implicit, if not explicit, basis for a motion for a stay presented in that manner is the same as that for the motion to reopen it accompanies. The motion for a stay, when presented to an immigration judge or the BIA in this manner, is "intimately and immediately associated" with the attack of the deportation order, *see Cheng Fan Kwok,* 392 U.S. at 217, 88 S.Ct. at 1976.

For these reasons, an immigration judge's or the BIA's determination of the motion for a stay, which motion would not otherwise have been made in the absence of the motion to reopen, is necessarily viewed as "incident to" the motion to reopen. *See Cheng Fan Kwok,* 392 U.S. at 216, 88 S.Ct. at 1976. Accordingly, judicial

review of a decision by an immigration judge or the BIA to deny a stay, if it is to be had at all, must be had in the court of appeals along with the determination of the motion to reopen, *see Akrap*, 966 F.2d at 270 (court of appeals lacked jurisdiction to review a discretionary denial of a stay by the BIA pending a "not-yet-acted-upon" motion to reopen).

What this means, as a practical matter, is that an alien subject to a deportation order must seek a stay of deportation from the district director before he or she can call upon the district court's authority to conduct habeas corpus proceedings, *see* § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10). A contrary interpretation would ostensibly provide an alien with three or more opportunities, during the course of post-deportation order proceedings, to obtain judicial review in the federal courts: successive habeas corpus review after successive denials of a stay by an immigration judge, the BIA, and the district director—each followed by appellate review by the court of appeals—and judicial review of the final order of deportation in the court of appeals. This is a result that strikes the court as inconsistent with the purpose of the judicial review provisions of the Act. *See Foti v. INS*, 375 U.S. 217, 226, 84 S.Ct. 306, 312, 11 L.Ed.2d 281 (1963) (purpose of provision in the Act for exclusive authority for judicial review in the court of appeals was "to expedite deportation ... by preventing successive dilatory appeals to various federal courts"); *Cheng Fan Kwok*, 392 U.S. at 214, 88 S.Ct. at 1975.

As presently constituted, the petition raises no matters that are within the authority of this court in habeas corpus proceedings. Mr. Dibi does not seek review of the district director's decision to deny a stay of deportation. In fact, he does not claim that such a decision exists—though if it did, this court would presumably have authority to review it. Instead, the petitioner challenges the *BIA's* decision to deny his motion for a stay of deportation pending a determination of his motion to reopen brought under § 242(b) of the Act, 8 U.S.C. § 1252(b). That being so, the petitioner has not presented for review an order within the contemplation of § 106(a)(10) of the Act, 8 U.S.C. § 1105a(a)(10); this court is without authority to address the matters raised in petition.

### ORDER

Therefore, IT IS ORDERED that the respondent's motion to dismiss for lack of subject matter jurisdiction be and hereby is granted.

IT IS ALSO ORDERED that the petition for a writ of habeas corpus be and hereby is dismissed.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed to enter a judgment dismissing the petition.