Hector Gustavo GARAY,
Plaintiff–Appellant,

v.

William SLATTERY, N.Y. District Director, U.S. Immigration and Naturalization Service, Defendant–Appellee.

No. 1389, Docket 93–6331.

United States Court of Appeals,
Second Circuit.

Submitted April 26, 1994.

Decided May 9, 1994.

Hector Gustavo Garay, pro se.

Mary Jo White, U.S. Atty. for the S.D. of New York, New York City, James A. O'Brien III, Sp. Asst. U.S. Atty., New York City, Diogenes P. Kekatos, Asst. U.S. Atty., New York City, Gabriel W. Gorenstein, Asst. U.S. Atty., New York City, for defendant-appellee.

Before: FEINBERG, VAN GRAAFEILAND and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Hector Gustavo Garay appeals from Judge Patterson's dismissal of his petition for review of Immigration Judge ("IJ") Alan L. Page's denial of Garay's request for a stay pending deportation. We affirm, because the district court lacked subject matter jurisdiction to review the Immigration Judge's denial of the stay.

Garay is a native and citizen of Honduras who was admitted to the United States as a lawful permanent resident in January 1987. In November 1988, Garay was convicted of sodomy and three counts of sexual abuse, in New York State Supreme Court. The Immigration and Naturalization Service ("INS") then issued an order to show cause against Garay, charging that his sodomy conviction

rendered him deportable from the United States under Section 241(a)(2)(A)(i) of the Immigration and Nationality Act of 1952 (the "Act"), as amended, 8 U.S.C. § 1251(a)(2)(A)(i) (Supp. III 1991). After a hearing before IJ Jeffrey Zatlow, Garay was ordered deported. Garay waived his right to appeal that decision and has since been under a final order of deportation.

On October 19, 1993, Garay filed a motion before the IJ to reopen his deportation proceedings and to stay his deportation pending the disposition of his motion. Ten days later, he was paroled from New York State custody to INS custody for deportation. On November 2, 1993, IJ Page denied the request for a stay.

The next day, Garay sought a temporary restraining order ("TRO") in the district court, to stay his deportation. In a memorandum endorsement, the district court denied relief, because Garay had failed to seek a stay of deportation from the District Director of the INS.[1] This appeal followed.

IJ Page then denied Garay's motion to reopen his deportation proceedings. Garay's appeal of that decision to the Board of Immigration Appeals ("BIA") is now pending. In December 1993, Garay was returned to New York State custody, because his efforts to stay deportation had prevented the INS from deporting Garay promptly. See N.Y. Executive Law § 259–i(2)(d)(i)–(ii) (McKinney 1994) (alien conditionally paroled for deportation must be returned when deportation does not occur).

The district court correctly denied Garay's request for a TRO staying deportation, because it had no subject matter jurisdiction. There are two avenues by which judicial

review of a deportation order is available. Neither is applicable to the instant case.

■ Under Section 106(a) of the Act, 8 U.S.C. § 1105a(a), "judicial review of all final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings" under 8 U.S.C. § 1252(b) is available directly and exclusively in the federal courts of appeals. See 28 U.S.C. §§ 2341–2348. Therefore, there was no jurisdiction in the district court to consider an appeal from a final order of deportation.

■ Furthermore, when Garay initiated this action, there was no final order from which to appeal. Where a stay of deportation is denied pending disposition of a motion to reopen, "the denial of a motion for stay of deportation is not a final order reviewable in a court of appeals pursuant to section 106(a) of the Act." Vlassis v. I.N.S., 963 F.2d 547, 549 (2d Cir.1992).

The second avenue for judicial review of a deportation proceeding is provided in Section 106(a)(10) of the Act, 8 U.S.C. § 1105(a)(10), which provides that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings" in a district court. See Dibi v. Moyer, 801 F.Supp. 214, 217 (E.D.Wis.1992) ("Habeas corpus proceedings, the noteworthy exception to the court of appeals' exclusive jurisdiction, are, of course, commenced in the district court, see 28 U.S.C. § 2241.").

■ Habeas corpus relief from the denial of the stay is not available to Garay because he has not sought a stay of deportation from the District Director, pursuant to 8 C.F.R. § 243.4 (1993). See Dibi, 801 F.Supp. at 218–220.[2] A petitioner may seek habeas

---

1. Although it is not part of the record, Garay has included in his appendix a copy of a "request for a stay of deportation" filed with the District Director after the district court's decision but before judgment was entered. Nothing in the record indicates the District Director's disposition of this request. Because the request is not part of the record and was filed after the district court's decision, and because the record does not indicate its disposition, we disregard it.

2. We disagree with Dibi's suggestion that this court held in Anderson v. McElroy, 953 F.2d 803,

805–06 (2d Cir.1992), that there is district court jurisdiction to conduct habeas review of a BIA's denial of a stay where the petitioner has not been denied relief by a District Director. Anderson did not address the jurisdictional issue. It cited to Blancada v. Turnage, 891 F.2d 688 (9th Cir. 1989) (stating that there is such jurisdiction), only to enunciate a standard of review. Because Anderson did not squarely decide the jurisdictional issue, we must resolve it here. See Hagans v. Lavine, 415 U.S. 528, 533 n. 5, 94 S.Ct. 1372, 1377 n. 5, 39 L.Ed.2d 577 (1974) ("[W]hen ques-

relief from a denial of a stay by the District Director, but not from a denial of a stay by an immigration judge or by the BIA pending disposition of a motion to reopen proceedings. Appeal from the latter orders should properly be had in the court of appeals in the first instance, as "incident to" review of a final order denying a motion to reopen. *Id.* at 219; *see also Cheng Fan Kwok v. I.N.S.,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968) (court of appeals' exclusive jurisdiction under Section 106(a) of the Act includes "determinations made incident to a motion to reopen [deportation] proceedings," but does not include denial of stay of deportation by District Director).

We agree with *Dibi*'s conclusion that

[a] contrary interpretation would ostensibly provide an alien with three or more opportunities, during the course of post-deportation order proceedings, to obtain judicial review in the federal courts: successive habeas corpus review after successive denials of a stay by an immigration judge, the BIA, and the district director— each followed by appellate review by the courts of appeals—and judicial review of the final order of deportation in the court of appeals.

*Id.* at 220.

We therefore affirm.

tions of jurisdiction have been passed on in prior decisions *sub silentio,* this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.").