**Giuseppe GIUSTO, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 1717, Docket 93–4020.**

United States Court of Appeals,
Second Circuit.

Argued June 17, 1993.

Decided Nov. 4, 1993.

David Rubman, Chicago, IL (Donald B. Kempster, Donald B. Kempster & Associates, on the brief), for petitioner.

William J. Hoffman, Asst. U.S. Atty., New York City (Roger S. Hayes, U.S. Atty., S.D.N.Y., Gabriel W. Gorenstein, Asst. U.S. Atty., on the brief), for respondent.

Before: KEARSE, MINER, and ALTIMARI, Circuit Judges.

PER CURIAM:

Petitioner Giuseppe Giusto seeks review of an order of the Board of Immigration Appeals (the "Board") holding him ineligible for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. III 1992), as amended by § 511 of the Immigration Act of 1990, Pub.L. No. 101–649, § 511(a), 104 Stat. 4978, 5052 (1990) ("1990 Act"). Giusto is an alien who has been a "lawful permanent resident" of the United States since 1980. In 1985, he was convicted of conspiracy to distribute and possession with intent to distribute heroin and cocaine, "aggravated felon[ies]" as defined in 8 U.S.C. § 1101(a)(43) (1988), and was sentenced to two concurrent 12–year terms of imprisonment; he served approximately six years in prison until his release in 1991. When the Immigration and Naturalization Service ("INS") commenced deportation proceedings against him on the basis of his 1985 convictions, Giusto applied for discretionary relief from deportation pursuant to § 212. The Board denied the request on the ground that the 1990 Act made discretionary relief under § 212 unavailable to Giusto because he had been convicted of one or more aggravated felonies for which he had served a term of imprisonment of at least 5 years. In his petition for review, Giusto argues (1) that the 1990 Act does not have retroactive application, and (2) that in distinguishing between groups of aliens, § 212(c) as amended violates principles of equal protection. Neither contention has merit.

Prior to 1990, § 212 had been interpreted as permitting a permanent resident alien who had been lawfully domiciled in the United States for seven consecutive years to obtain relief from an order of deportation "in the discretion of the Attorney General," 8 U.S.C. § 1182(c). See, e.g., Francis v. INS, 532 F.2d 268, 273 (2d Cir.1976). The 1990 Act, however, added to § 212(c) a sentence stating that the provision for discretionary relief "shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) (as amended). Giusto's contention that this addition does not apply retroactively is rejected on the grounds set forth in this Court's recent decision in Buitrago–Cuesta v. INS, 7 F.3d 291 (2d Cir.1993).

Giusto's equal protection challenge to the amendment's distinction between aliens who have served at least five years in prison and those who have served shorter terms is also without merit. Congress has plenary authority to regulate matters of immigration and naturalization, and its authority extends to the classification of aliens as a basis for determining their eligibility to enter or remain in the United States. See, e.g., Fiallo v. Bell, 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977); Kleindienst v. Mandel, 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972); Azizi v. Thornburgh, 908 F.2d 1130, 1133 (2d Cir. 1990). Congress's establishment of such

classifications will be upheld against an equal protection challenge if there is a " 'facially legitimate and bona fide reason' " for the classification. *Fiallo v. Bell,* 430 U.S. at 794, 97 S.Ct. at 1479 (quoting *Kleindienst v. Mandel,* 408 U.S. at 770, 92 S.Ct. at 2585), *see also Azizi v. Thornburgh,* 908 F.2d at 1133–34 (government need only point to "some legitimate reason for adoption of the classification"). In contending that there is no facially legitimate reason for legislation, "the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). Thus, a legislative scheme for deporting certain aliens but not others will " 'not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.' " *Linnas v. INS,* 790 F.2d 1024, 1032 (2d Cir.) (quoting *Metropolitan Casualty Ins. Co. v. Brownell,* 294 U.S. 580, 584, 55 S.Ct. 538, 540, 79 L.Ed. 1070 (1935)), *cert. denied,* 479 U.S. 995, 107 S.Ct. 600, 93 L.Ed.2d 600 (1986).

Giusto has not met his burden. Though the legislative history of § 511 is scant, inclusion of that section was plainly part of an effort to "broaden[ ] the list of serious crimes, conviction of which results in various disabilities and preclusion of benefits under the Immigration and Nationality Act." H.R.Conf.Rep. No. 955, at 132, 101st Cong., 2d Sess., *reprinted in* 1990 U.S.C.C.A.N. 6710, 6784, 6797. The selection of five years' imprisonment as the line of demarcation for such "serious" crimes is consistent with Congress's selection of five years as the mandatory minimum prison term for certain serious crimes. *See, e.g.,* 21 U.S.C. § 841(b)(1)(B) (1988) (five-year minimum term for possession of certain quantities of narcotics with intent to distribute); 18 U.S.C. § 924(c)(1) (1988) (mandatorily consecutive, nonsuspendable five-year term for use of firearm in connection with crime of violence or drug trafficking). An alien's receipt of a sentence of less than five years' imprisonment, or his release on parole from a state sentence prior to serving five years, may well indicate circumstances suggesting that although convicted of a felony defined as "aggravated," the alien should receive relatively lenient treatment. It was well within Congress's prerogative to recognize that potential and to allow the Attorney General to exercise her discretionary power to grant relief from deportation. Thus, we conclude that the statutory classification itself has a facially legitimate and rational basis.

Giusto argues, however, that the Equal Protection Clause is violated because by drawing the line between aliens who have "served" at least five years and those who have served less, rather than focusing on the sentence itself, the 1990 Act as a practical matter allows the INS to discriminate between similarly situated aliens without a rational basis. Giusto argues that the INS may favor selected aliens by initiating deportation proceedings prior to the expiration of five years of the alien's prison term so as to make the discretionary waiver of deportation available to that alien, while delaying such proceedings for others until at least five years have been served, thereby making the discretionary waiver unavailable to them.

We reject Giusto's premise that the timing of the INS's initiation of deportation proceedings, rather than the length of time actually served, would determine the availability of the waiver. The INS may well, with respect to an alien sentenced to five years or more, initiate deportation proceedings prior to his service of five years if necessary to comply with the statutory requirement that such proceedings be commenced expeditiously, *see* 8 U.S.C. § 1252(i) (1988), in order to minimize the time the alien must remain in custody between the completion of his sentence and the resolution of the deportation proceedings. *See* United States Department of Justice, *Immigration Act of 1990: Report on Criminal Aliens* 6–8 (April 1992). Institution of deportation proceedings prior to the end of such an alien's prison term, however, is not designed to shorten the term of incarceration but only to facilitate deportation "upon the completion of the alien's sentence." *Id.* at 6. Thus, if the sentence is five years or longer, the mere fact that the INS initiated deportation proceedings early would not make the waiver available.

## CONCLUSION

We have considered all of Giusto's arguments in support of his petition for review and have found them to be without merit. The petition for review is denied.