Alexander **GREENIDGE**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Defendant.

No. 00–CV–1682 (VM).

United States District Court, S.D. New York.

Nov. 29, 2001.

Alexander Greenidge, Ossining, NY, pro se.

Krishna R. Patel, Asst. U.S. Atty., New York City, for I.N.S.

## *ORDER*

MARRERO, District Judge.

Petitioner Alexander Greenidge ("Greenidge") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a removal order entered against him by respondent Immigration and Naturalization Service ("INS"). This Court referred the matter to Magistrate Judge Henry Pitman for a report and recommendation. Magistrate Judge Pitman issued a Report and Recommendation, dated October 26, 2001 (the "Report"), recommending that the petition be granted to the extent of remanding the matter to the INS for further proceedings consistent with the Report. The Report is incorporated and attached hereto as Exhibit A. Neither Greenidge nor the INS has interposed objection to the report.

The Court has considered the issues raised in Greenidge's petition and Magistrate Judge Pitman's analysis and conclusions with respect to each of them. In this regard, the court reviewed the record, briefs and other documents filed in connection therewith, as well as the authorities cited therein. Based on the foregoing evaluation, the Court finds meritorious basis in law to support Greenidge's challenge to the INS's removal order. In examining the record and the law pertinent to this petition, the Court concludes that the principles and authorities relied upon by Magistrate Judge Pitman in recommending granting of the petition are controlling and sufficient to support his recommendation of remand. The Court is persuaded that Magistrate Judge Pitman's recommendation is appropriate and accepts and adopts the Report in its entirety.

Accordingly, it is hereby

**ORDERED** that the petitioner's application writ is granted; and it is further

**ORDERED** that the this matter is remanded to the INS for further proceedings consistent with Magistrate Judge Pitman's Report and Recommendation dated October 26, 2001.

The Clerk of Court is directed to close this case, subject to reopening upon the Court's receipt of any further submission by the INS or petitioner concerning compliance with this Order.

**SO ORDERED.**

## *REPORT AND RECOMMENDATION*

PITMAN, United States Magistrate Judge.

TO THE HONORABLE VICTOR MARRERO, United States District Judge.

### I. *Introduction*

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a removal order that has been entered against him by the Immigration and Naturalization Service ("INS"). For the reasons set forth below, I respectfully recommend that the petition should be granted to the extent of remanding this matter to the INS for further proceedings consistent with this Report and Recommendation.

### II. *Facts*

Petitioner is a native and citizen of Panama, who was admitted to the United

States on June 13, 1981 as a legal permanent resident (AR[1] at 73, 152). On August 12, 1993, petitioner was convicted in New York State Supreme Court, Bronx County, upon his plea of guilty, of manslaughter in the first degree, in violation of New York Penal Law Section 125.20(1); petitioner was sentenced to an indeterminate sentence of eight and one-third to twenty-five years (AR 82, 93).

On or about January 5, 1998, the INS commenced removal proceedings against petitioner on the basis of his manslaughter conviction (AR 151–54). Specifically, the INS alleged that petitioner was subject to removal pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who had been convicted of an "aggravated felony."[2]

A removal hearing was conducted before an Immigration Judge ("IJ") in Fishkill, New York on March 26 and June 25, 1998 (AR 64–69, 70–80). At the hearing, petitioner conceded the factual allegations against him (AR 72), and further conceded that he was removable as an aggravated felon (AR 72). Nevertheless, petitioner claimed, among other things,[3] that he was entitled to relief from removal pursuant to former Section 212(c) of the INA.[4] At the

---

1. References to "AR" refer to the Certified Administrative Record of the removal proceedings commenced against petitioner and annexed to the letter of Assistant United States Attorney Krishna R. Patel, dated February 27, 2001 ("Patel 2–27–01 Letter").

2. Section 101(a)(43)(F) of the INA, 8 U.S.C. § 1101(a)(43)(F) defines an "aggravated felony" as including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year...." 18 U.S.C. § 16 defines a "crime of violence" as
   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
   Manslaughter is a "crime of violence." *Johnson v. Vomacka*, 97 Civ. 5687(TPG), 2000 WL 1349251 at *4 (S.D.N.Y. Sept. 20, 2000).

3. Petitioner does not assert any claims concerning his other defenses to the removal proceeding and they are, therefore, immaterial to the present proceeding.

4. Former Section 212(c) of the INA was amended by Section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat.

1214, 1277 (1996), effective April 24, 1996. As of the date of petitioner's conviction, former section 212(c) provided:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this subsection (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under Section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years. 8 U.S.C. § 1182(c) (1992, amended and later repealed 1996), *quoted in Bedoya–Valencia v. INS*, 6 F.3d 891, 892 n. 3 (2d Cir.1993).

In broad terms, former section 212(c) invested the INS with discretion to waive deportation or removal for humanitarian reasons. *See Pottinger v. Reno*, 51 F.Supp.2d 349, 353 (E.D.N.Y.1999), *affirmed without opinion*, 242 F.3d 367 (2d Cir.2000); *Mojica v. Reno*, 970 F.Supp. 130, 136–38 (E.D.N.Y. 1997). *See also Lovell v. INS*, 52 F.3d 458, 461 (2d Cir.1995) (listing factors relevant to an application for Section 212(c) relief). Al-

conclusion of the hearing on June 25, 1998, the IJ rejected petitioner's argument and concluded that Section 212(c) relief was not available to petitioner due to certain amendments to Section 212(c) made in 1996 by the AEDPA (AR 59–62).

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") (AR 51–52). The BIA dismissed the appeal on March 19, 1999, finding that petitioner was not eligible for Section 212(c) relief (AR 8–9).

Petitioner filed the instant petition on or about March 24, 2000. Petitioner's sole claim is that the IJ's retroactive application of the 1996 amendments to Section 212(c) was improper (Petition ¶¶ 9(a) and 10(a)). Petitioner is apparently claiming that his application for a Section 212(c) waiver should have been evaluated under the version of Section 212(c) that was in effect at the time of his plea and that the IJ's application of the 1996 amendments to Section 212(c) is, therefore, retroactive. *See generally Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) (*pro se* papers should be interpreted "to raise the strongest arguments that they suggest").

Respondent initially answered the petition by letter dated February 27, 2001. In August, 2001, I directed the parties to make supplemental submissions addressing the impact of the Supreme Court's decisions in *Calcano–Martinez v. INS,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001) and *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Such supplemental submissions have been

though the language of the statute applied only to exclusion proceedings, it was long held applicable to both deportation and exclusion proceedings. *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 2276, 150 L.Ed.2d 347 (2001); *Francis v. INS,* 532 F.2d 268, 270–71 (2d Cir.1976); *In re Silva,* 16 I.&N. Dec. 26, 1976 WL 32326 at 29–30 (Board of Immigration Appeals Sept.10, 1976) (adopting and applying *Francis* holding nationwide).

made and the matter is now ripe for decision.

## III. *Analysis*

In its supplemental submission, respondent candidly admits that *Calcano–Martinez* and *St. Cyr* resolve any question concerning the Court's jurisdiction to entertain the petition, establish that Section 212(c) relief remains available to petitioner and that the decisions of the IJ and BIA were incorrect (Letter of Assistant United States Attorney Krishna R. Patel, dated Aug. 22, 2001 ("Patel 8–22–01 Letter"), at 1–2). Nevertheless, respondent claims that the petition should be dismissed because the version of Section 212(c) that was in effect at the time of petitioner's plea rendered Section 212(c) relief unavailable to an aggravated felon who had served a term of imprisonment of at least five years (Patel 8–22–01 Letter at 2). Relying in principal part on *Buitrago–Cuesta v. INS,* 7 F.3d 291, 294 (2d Cir. 1993), respondent argues that it is immaterial that petitioner had not been incarcerated for five years when he first sought Section 212(c) relief (Patel 8–22–01 Letter at 2). According to respondent, the fact that petitioner's period of incarceration passed the five-year mark while his removal proceeding was pending activates the last sentence of former Section 212(c) and is fatal to petitioner's attempt to seek a humanitarian waiver at this juncture (Patel 8–22–01 Letter at 2–3).

Former Section 212(c) was repealed in its entirety by Section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, Div. C., Title III., enacted Sept. 30, 1996, effective April 1, 1997. Pub.L. No. 104–208, Div. C., Title III–A, §§ 306(b), 309(c)(1)(B) & (4), 110 Stat. 3009–612 & 3009–625 to –626 (1996).

I respectfully submit that the application of *Buitrago–Cuesta* to this case is not as clear as respondent claims. In that case, the petitioner was convicted of an aggravated felony on July 3, 1986 and made an oral application for Section 212(c) relief at his deportation hearing on June 18, 1991. 7 F.3d at 293. The IJ issued a decision on August 2, 1991, concluding, among other things, that the petitioner had passed the five-year mark on July 3, 1991, and was, therefore, ineligible for a Section 212(c) waiver. 7 F.3d at 293, 295–96. The Court of Appeals for the Second Circuit agreed, reasoning as follows:

> Changes in law or fact occurring during the pendency of administrative appeals must be taken into account. *See Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir.1992). *A fortiori*, the same is true for such changes during the initial hearings and, thus, the immigration judge properly considered all the time Buitrago spent in prison as of August 2, 1991, the date of his initial decision. In *Anderson*, the court stated that "[w]hile Anderson's appeal to the BIA was pending ... he achieved seven continuous years as a lawful permanent resident and became eligible for § 212(c) relief." *Id.* Just as we credit aliens for time spent in the country while an appeal is pending before the BIA so that they are eligible for § 212(c) relief, we will also consider the time aliens spend in prison during the course of a hearing for purposes of rendering them ineligible for § 212(c) relief.

7 F.3d at 296. Although the foregoing passage seems to suggest that the five-year clock continues to run at least until an alien's administrative appeals are exhausted, it does not suggest what result should be reached where, as here, the IJ's decision subsequently proves to be incorrect.[5] In this case, it is only because the IJ reached a decision adverse to petitioner that the proceedings were extended and petitioner's incarceration passed the five-year mark before the merits of his Section 212(c) application could be addressed. It is at least fairly arguable that petitioner should not forfeit the right to seek a Section 212(c) humanitarian waiver of removal solely as a result of an incorrect decision by the IJ. Certainly, nothing in the language of *Buitrago–Cuesta*, or the other authorities cited by respondent, mandates such a result, and at least one District Court in this Circuit has concluded that the five year bar should not be applied in a situation such as this. *Lara v. INS*, No. 3:00CV24 (DJS) (D.Conn. Nov. 30, 2000). *See also Batanic v. INS*, 12 F.3d 662 (7th Cir.1993) (applying the law in effect at time of alien's initial asylum application where proceedings were prolonged as a result of a due process violation by IJ at the initial hearing and an interim change in the law had rendered petitioner ineligible for asylum).

An almost identical situation occurred in *Bosquet v. INS*, 00 Civ. 6152(GBD)(AJP), 2001 WL 1029368 (S.D.N.Y. Sept. 6, 2001) (Report & Recommendation). Bosquet pled guilty to an aggravated felony in state court and was sentenced to an indeterminate term of imprisonment of eight to twenty-four years in January 1994. 2001 WL 1029368 at *1. Removal proceedings were subsequently commenced against Bosquet, and an IJ rendered a decision in February 1997 concluding that Bosquet was legally eligible for Section 212(c) re-

---

**5.** I do not suggest that the IJ's decision suffered from any lack of scholarship or defect of reasoning. Indeed, if the outcome in *Calcano–Martinez* or *St. Cyr* had been clear, it is unlikely that the Supreme Court would have granted review. Nevertheless, the decisions in these two cases clearly invalidates the IJ's decision concerning petitioner's application for Section 212(c) relief.

lief, but denying that relief as a matter of discretion. 2001 WL 1029368 at *1. Bosquet took an administrative appeal, and the BIA concluded that the 1996 amendments to Section 212(c) rendered that provision inapplicable to Bosquet. 2001 WL 1029368 at *1. The BIA did not make an alternative ruling that Bosquet was not entitled to Section 212(c) relief as a matter of discretion. 2001 WL 1029368 at *1. Bosquet, like petitioner here, subsequently filed a petition for habeas pursuant to 28 U.S.C. § 2241. 2001 WL 1029368 at *2.

Although the INS conceded that the BIA's decision was erroneous in light of the decision in *Henderson v. INS*, 157 F.3d 106, 128–21 (2d Cir.), *cert. denied*, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999), it, nevertheless, argued, as it argues here, that Bosquet had been imprisoned for more than five years and that he was, therefore, legally ineligible for Section 212(c) relief under any conditions. Magistrate Judge Peck rejected this contention, reasoning as follows:

> The Court believes that the best course is to remand to the BIA, which, because of its erroneous disposition on AEDPA retroactivity grounds, never reached the IJ's determination that Bosquet was not, as a matter of discretion, eligible for § 212(c) relief. If the BIA on remand affirms on the basis of the IJ's discretion-based decision, then neither the BIA nor a reviewing court would need to reach any issue as to the five year bar. *See INS v. Rios–Pineda*, 471 U.S. 444, 449, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985) ("We have also held that if the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met."). If, on the other hand, the BIA on remand decides that Bosquet is statutorily ineligible for § 212(c) relief because he *now* has served five years imprisonment that

determination would be subject to judicial review in a subsequent § 2241 habeas petition. With the benefit of an agency decision on point, the Court would be in a better position to decide the issue.

2001 WL 1039368 at *3 (footnotes omitted). I respectfully submit that Magistrate Judge Peck's reasoning in *Bosquet* is sound and applies with equal force to this case.

In support of its argument that the five year bar ineluctably precludes relief here, respondent relies on *Copes v. McElroy*, 98 Civ. 2589(JGK), 2001 WL 830673 (S.D.N.Y. July 23, 2001). *Copes* is factually distinguishable. In *Copes*, petitioner was found guilty of an aggravated felony at a jury trial. 2001 WL 830673 at *1. After sentencing, Copes commenced service of her sentence on January 3, 1991. 2001 WL 830673 at *1. She was served with an order to show cause commencing a removal proceeding in February, 1996. 2001 WL 830673 at *1. The order to show cause was filed with the Immigration Court in April, 1996 and the hearing was held at some unspecified time thereafter. 2001 WL 830673 at *1. On October 1, 1996, the IJ issued a decision finding that Copes was ineligible for a Section 212(c) waiver because (1) she had served more than five years of her sentence and (2) she was independently ineligible by virtue of the amendments to Section 212(c) contained in the AEDPA. 2001 WL 830673 at *2. After the IJ's decision was affirmed by the BIA, Copes sought relief pursuant to 28 U.S.C. § 2241, arguing that the IJ erroneously failed to apply the Section 212(c) standards that were in effect as of the date of her conviction. Judge Koeltl concluded that regardless of what standards should have been applied, the fact that Copes had served more than five years of her sentence prior to the BIA's decision precluded Section 212(c) relief.

In this case, the order of deportation did not become final until January 16, 1998, when the BIA dismissed the petitioner's appeal, by which time the petitioner had already served more than five years of imprisonment. . . . Indeed, the petitioner admits that she served six years' imprisonment starting on January 3, 1991 . . . , and thus the petitioner had served more than five years' imprisonment by the time she was served with the order to show cause in February 1996, by the time the order to show cause was filed with the Immigration Court on April 29, 1996, by the time the petitioner appeared before the IJ on July 31, 1996, and by the time the IJ ordered the petitioner deported on October 1, 1996.

2001 WL 830673 at *5.

Thus, in *Copes* the five-year period had elapsed before the deportation hearing was even commenced, and the IJ's decision played no role in prolonging the proceedings. In this case, on the other hand, petitioner sought Section 212(c) relief before he had served five years of his sentence and but for the IJ's erroneous determination that petitioner was ineligible for Section 212(c) relief as a result of the 1996 amendments to Section 212(c), petitioner's claim could have been timely considered.

Since it is not clear that petitioner's application for Section 212(c) relief is fatally defective, the matter should be remanded to the INS for further consideration.

### IV.  *Conclusion*

Accordingly, for all the foregoing reasons, I respectfully recommend that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be granted to the extent of remanding petitioner's application for Section 212(c) relief to the INS for further proceedings consistent with this Report and Recommendation.

### V.  *Objections*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections. *See also* Fed.R.Civ.P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States District Judge, Room 414, 500 Pearl Street, New York, New York 10007 and to the chambers of the undersigned, Room 750, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO OBJECT WITHIN TEN (10) DAYS *WILL* RESULT IN A WAIVER OF OBJECTIONS AND *WILL* PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 & n. 2 (2d Cir.1983).

Oct. 26, 2001.