**Eva T. FALCONI, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. CV–02–1458 DGT.**

United States District Court, E.D. New York.

Nov. 26, 2002.

Eva T. Falconi, Danbury, CT, Pro se.

Kristen Chapman, United States Attorney's Office, Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

Eva T. Falconi ("Falconi"), *pro se,* petitions this Court for a writ of *habeas corpus,* pursuant to 28 U.S.C. § 2241. Falconi challenges a final order of deportation of the Board of Immigration Appeals ("BIA") in which she was found statutorily barred from seeking Immigration and Nationality Act ("INA") § 212(c) discretionary relief. For the reasons set forth below, Falconi's petition for a writ of *habeas corpus* should be granted.

### Background

Falconi is 43 years-old and a citizen of Ecuador. *See* Chapman Decl., Ex. 3. On March 28, 1980, she entered the United States as a visitor and on September 5, 1984, she was granted a lawful permanent resident status. *Id.* Falconi is married and has a 16 year-old American-born son. *See* Pet'r Reply to the United States Attorney Opp'n for a Writ of *Habeas Corpus* at 18. On April 9, 1996, Falconi pled guilty and was convicted of an aggravated felony for conspiring to import and possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 & 963.[1] *See* Chapman Decl. at ¶ 4. Falconi was sentenced for a term of 151 months and is currently serving her sentence at the Federal Correctional Institution in Danbury, Connecticut. *See id.* at ¶ 8.

(1)

The availability of INA § 212(c) discretionary relief from deportation that Falconi seeks has been controlled by a series of statutes. Initially, INA § 212 of 1952 stated that:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General. . . .

8 U.S.C. § 1182(c) (1994) (repealed 1996). Although the text of the 1952 INA § 212(c) suggests that it only applies to exclusion proceedings, it has consistently been interpreted to apply to deportation proceedings as well. *See INS v. St. Cyr,* 533 U.S. 289, 294, 121 S.Ct. 2271, 150 L.Ed.2d 347; *see also Bedoya–Valencia v. INS,* 6 F.3d 891, 895–98 (2d Cir.1993).

Thus, under INA § 212, the Attorney General was granted broad discretion to admit a large class of otherwise excludable aliens. *See St. Cyr,* 533 U.S. at 294–95, 121 S.Ct. 2271. However, statutes enacted in recent years have reduced the size of the class of aliens eligible to be considered for the discretionary relief. In 1990, INA § 212(c) was initially amended by § 511(a) of the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978 (1990), which provided that "an[y] alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" is statutorily ineligible to be considered for INA § 212(c) relief. Thus, under the 1990 amendment to INA § 212(c), aliens convicted of an aggravated felony who had served at least five years of imprisonment at the time their application for relief was decided were statutorily

---

1. *See* 8 U.S.C. § 1101(a)(43)(definition of aggravated felony).

barred from even being considered for INA § 212(c) discretionary relief.

On April 24, 1996, the class of persons eligible to be considered for INA § 212(c) relief was further reduced when Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") § 440(d), Pub.L. 104–132, 110 Stat. 1277 (1996). *See id.* Under AEDPA § 440(d), individuals convicted of an aggravated felony were statutorily ineligible to be considered for INA § 212(C) discretionary relief, irrespective of the time served in prison. *See id.* at 297, n. 7, 121 S.Ct. 2271.

Although the AEDPA was passed on April 24, 1996, its limitations upon INA § 212(c) relief were being retroactively applied to aliens whose conviction had occurred before the AEDPA's enactment, but whose deportation proceedings occurred after the AEDPA's enactment. In *St. Cyr*, the Court rejected such a retroactive application of the AEDPA and held that " § 212(c) relief remains available for aliens ... [who] would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 329, 121 S.Ct. 2271. Thus, under *St. Cyr*, the AEDPA's limitations on INA § 212(c) relief do not apply to aliens who pled prior to April 24, 1996.

### (2)

On July 5, 1996, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against Falconi by filing an Order to Show Cause and Notice of Hearing. *See* Chapman Decl., Ex. 3. The INS alleged that Falconi was subject to deportation pursuant to INA §§ 241(a)(2)(B)(i) & 241(a)(2)(A)(iii) as an alien who has been convicted of violating a law relating to a controlled substance and as an alien convicted of an aggravated felony, respectively. *Id.* Thereafter, a series of removal hearings were conducted before an Immigration Judge in Danbury, Connecticut. *See* Chapman Decl., Ex.4 at 18. At a removal hearing on February 18, 1998, Falconi requested, but was denied, INA § 212(c) discretionary relief from deportation. *See id.* The Immigration Judge found Falconi statutorily ineligible for INA § 212(c) relief and ordered her deported to Ecuador without determining, as a matter of discretion, the merits of her request. *See id.*

On February 23, 1998, Falconi appealed the Immigration Judge's decision to the BIA. *See* Chapman Decl., Ex. 5. Falconi appealed on two grounds. First, she claimed that the Immigration Judge incorrectly applied the AEDPA retroactively to a conviction that occurred before its enactment on April 24, 1996. Second, she argued that the AEDPA, itself, is unconstitutional because it violates the equal protection clause. *Id.* The BIA rejected both claims. *Id.* The BIA found that the AEDPA § 440(d) bars Falconi from pursuing INA § 212(c) relief and that the BIA is not capable of ruling on the constitutionality of the AEDPA. *Id.* Thus, on October 25, 1999, the BIA dismissed Falconi's appeal and denied her motion to remand. *Id.*

On November 29, 2001, Falconi filed a motion to reopen her deportation proceeding, moving on two grounds. *See* Chapman Decl., Ex. 5. First, Falconi argued that, in accordance with *St. Cyr*, her application for INA § 212(c) relief should have been evaluated under the version of INA § 212(c) that was in effect when she pled guilty. Second, Falconi alleged ineffective assistance of counsel. *See id.* The BIA again rejected both claims. *Id.* Falconi was found ineligible for INA § 212(c) relief, despite *St. Cyr*, because although the former INA § 212(c) relief was now available, Falconi failed to establish her eligibility for that relief because, by the time the BIA decided Falconi's motion to reopen, she had already been imprisoned for more

218

than five years. *Id.* Falconi's ineffective assistance of counsel claim failed because Falconi did not establish that her counsel ineffectively represented her. *See* Chapman Decl., Ex. 5. Thus, on January 17, 2002, Falconi's motion to reopen her deportation proceeding was denied. *Id.* Thereafter, on March 4, 2002, Falconi filed this petition for a writ of *habeas corpus* challenging the order of deportation.

## Discussion

In light of *St. Cyr,* the Immigration Judge's and BIA's retroactive application of the AEDPA were clearly incorrect. Under *St. Cyr,* the AEDPA's limitations upon INA § 212(c) relief do not apply to pleas that occurred prior to its enactment on April 24, 1996. Since Falconi was convicted on April 9, 1996, she falls into the class of aliens protected by *St. Cyr.* However, by the time *St. Cyr* was decided, Falconi had served more than five years in prison and was, therefore, literally ineligible from obtaining the INA § 212(c) relief that *St. Cyr* provided.

■ Accordingly, the issue presented is whether time served in prison after an initial erroneous BIA decision is reversed should count toward the INA § 212(c) five year bar, when the initial erroneous decision was reached before the prisoner had served five years. This precise issue has not been addressed by the Second Circuit, and district courts within the circuit have decided the issue differently. *See Bosquet v. INS,* 2001 WL 1029368 at *3 (S.D.N.Y. Sept. 6, 2001) (Peck, Magistrate J.); *see also Greenidge v. INS,* 204 F.Supp.2d 594 (S.D.N.Y.2001) (Marreo, J.) (granting *habeas corpus* petition); *Lara v. Ins,* 2000 U.S. Dist. LEXIS 21522 (D.Conn. Nov. 30, 2000) (Squatrito, J.) (same). *But see Madera–Lora v. McElroy,* 2002 WL 1766450 (S.D.N.Y. July 31, 2002) (Buchwald, J.) (denying *habeas corpus* petition). Although the Second Circuit has not addressed the precise issue presented, their

reasoning in cases involving INA § 212(c) guides our analysis.

■ Initially, the mere fact that Falconi was sentenced to more than five years imprisonment would not bar her from applying for INA § 212(c) relief because "the judge [in denying INA § 212(c) relief] cannot rely on how much time an alien *will serve* in prison, but must consider only how much time an alien *has served."* *Buitrago–Cuesta v. INS,* 7 F.3d 291, 296 (2d Cir.1993) (emphasis added).

Moreover, the five-year clock does not stop running once a prisoner first applies for INA § 212(c) relief, rather it continues to run until an Immigration Judge issues a decision. *See id.* In *Buitrago–Cuesta* the court concluded that "[j]ust as we credit aliens for time spent in the country while an appeal is pending before the BIA so that they are eligible for § 212(c) relief, we will also consider the time aliens spend in prison during the course of a hearing for purposes of rendering them ineligible for § 212(c) relief." *Id.*

Therefore, in the present case, if the Immigration Judge had decided Falconi's initial request for INA § 212(c) relief after she had already served five years, then the error in retroactively applying the AEDPA would have been harmless since Falconi would have been barred from the pre-AEDPA § 212(c) relief anyhow. *See, e.g., Brown v. United States,* 2002 WL 1836752 (S.D.N.Y. Aug. 12, 2002) (Marin, J.). However, at the time the Immigration Judge, and even the BIA, issued their decisions, Falconi had served less than five years since Falconi was first arrested on April 19, 1995 and the BIA denied Falconi's appeal fifty-four months later, on October 25, 1999. Thus, absent the Immigration Judge's and BIA's retroactive application of the AEDPA, Falconi would have been eligible to apply for INA § 212(c) discretionary relief. Accordingly, it must be de-

cided whether Falconi should be denied the right to be considered for INA § 212(c) discretionary relief from deportation solely because of the erroneous retroactive application of the AEDPA by the Immigration Judge and BIA.

In *Greenidge v. INS*, 204 F.Supp.2d 594 (S.D.N.Y.2001) (Marreo, J.), and *Lara v. Ins*, 2000 U.S. Dist. LEXIS 21522 (D.Conn. Nov. 30, 2000) (Squatrito, J.), the courts were faced with this question and in both instances the court granted a writ of *habeas corpus* and remanded the cases to the INS. In *Greenidge* the court reasoned that "[i]t is at least fairly arguable that petitioner should not forfeit the right to seek a § 212(c) humanitarian waiver of removal solely as a result of an incorrect decision by the [Immigration Judge]."

Despite *Greenidge* and *Lara*, the Court in *Madera–Lora v. McElroy*, 2002 WL 1766450 (S.D.N.Y. July 31, 2002) (Buchwald, J.), was presented with same issue and denied the petitioner a writ of *habeas corpus*. The court noted that by the time the BIA denied the petitioner's motion to reopen, the petitioner had served more than five years and was thus ineligible for INA § 212(c) relief. *See Madera–Lora*, 2002 WL 1766450, at *1. However, in denying the petitioner a writ of *habeas corpus*, the Court did not consider the fact that the five-year clock stops running once an Immigration Judge issues a decision. *See Buitrago–Cuesta*, 7 F.3d at 296.

Respondent argues that interpreting *Buitrago–Cuesta* in light of *Rabiu v. INS*, 41 F.3d 879, 883 (2d Cir.1994), suggests that Falconi's petition should be denied because she currently has served more than five years imprisonment. In *Rabiu*, the Court stated that:

> although Rabiu was convicted of an aggravated felony and sentenced to five years imprisonment, to date he has served less than the five-year sentence. He asserts in his brief that he has

earned all possible good-time credits while in prison. If this is true, he will ultimately serve less than five years in prison, and thus will not become ineligible for relief under § 212(c).

41 F.3d at 883. However, the respondent's reliance upon *Rabiu* is misplaced. *Rabiu* does not stand for the proposition that in order to become eligible for INA § 212(c) relief the petitioner must ultimately serve less than five years. Rather, it merely stands for the uncontested proposition that a petitioner who will serve less than five years will not become ineligible. *See id.* There is an important substantive difference between not being eligible at all and not becoming ineligible.

Since the Immigration Judge and the BIA issued their decisions before Falconi had served five years of imprisonment, her petition for a writ of *habeas corpus* is granted and the case is remanded to the INS where, as a matter of discretion, the merits of Falconi's request for INA § 212(c) relief from deportation can be evaluated.

### Conclusion

For the foregoing reasons, Falconi's petition for a writ of *habeas corpus* is granted to the extent that Falconi's application for INA § 212(c) relief is remanded to the INS for further proceedings in accordance with the foregoing discussion.

SO ORDERED.