Alexander GREENIDGE, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00 Civ.1682 VM.

United States District Court,
S.D. New York.

May 20, 2003.

Alexander Greenidge, pro se.

James B. Comey, United States Attorney, Southern District of New York, Megan L. Brackney, of counsel, New York City, for respondent.

### DECISION AND ORDER

MARRERO, District Judge.

Petitioner Alexander Greenidge ("Greenidge") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 challenging a final order of deportation entered by the Immigration and Naturalization Service (the "INS" or the "Government"). Respondent INS opposes the application.[1] For the reasons described below, the petition is denied.

## I. FACTS AND PRIOR PROCEEDINGS

Greenidge's instant petition arises from circumstances that were the subject of previous consideration and rulings by this Court in connection with an earlier application for habeas relief Greenidge filed on March 6, 2000. The Court adopted a Report and Recommendation (the "Report") issued by Magistrate Judge Henry B. Pitman, to whom the matter had been referred, finding that the Board of Immigration Appeals (the "BIA") had erroneously determined that Greenidge, a native and citizen of Panama admitted to the United States as a permanent resident, was not eligible for discretionary waiver of deportation pursuant to § 212(c) of the Immigration and Naturalization Act (the "INA"), 8 U.S.C. § 1182(c). *See Greenidge v. INS*, 204 F.Supp.2d 594 (S.D.N.Y. 2001). (The relevant facts are set forth in the Report, and will not be recited here, except as necessary background to the issue now before the Court.) Reviewing Greenidge's appeal to an order of deportation, the BIA ruled on May 18, 1999 that because Greenidge had served over five

years in prison for his conviction on a charge of first degree manslaughter, an aggravated felony as defined in § 101(a)(43)(F) of the INA, such period of incarceration rendered him ineligible for § 212(c) relief.

Magistrate Judge Pitman found that on June 25, 1998, when the INS's Immigration Judge ("IJ") ruled that Greenidge was removable pursuant to § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), and therefore ineligible for § 212(c) relief,[2] Greenidge in fact had been incarcerated only approximately four years and ten months.[3] Greenidge appealed the IJ's decision to the BIA, which, on May 18, 1999, affirmed the deportation order.

In the proceeding before Magistrate Judge Pitman, the Government conceded that the IJ's ruling and the BIA's decision on May 18, 1999 dismissing the appeal were incorrect, but argued that Greenidge's habeas petition nonetheless should be dismissed because Greenidge's period of incarceration subsequently passed the five year mark while his removal proceeding was pending, and hence that remand would be futile. *See id.* at 599. The Magistrate Judge considered and rejected this argument, relying on *INS v. St. Cyr*, 533 U.S. 289, 321–25, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and also disagreed with the Government's reading of *Buitra-*

1. On April 9, 2003, Greenidge requested an extension until April 30, 2003 to file a reply to the Government's opposition to his writ of habeas corpus. On April 15, 2003, that request was granted by the Court. However, as of the date of this Decision and Order, May 20, 2003, no reply has been received by the Court from Greenidge.

2. The IJ concluded that § 212(c) relief was not available to Greenidge by reason of amendments to that provision made by § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"),

Pub.L. 104–132, 110 Stat. 1214 (effective April 24, 1996). Section 212(c) was later repealed in its entirety by § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"), Pub.L. 104–208, 110 Stat. 3009–597 (Sept. 30, 1996).

3. Greenidge pled guilty to first degree manslaughter in New York State Supreme Court, Bronx County, and was sentenced on August 12, 1993 to eight and one-third to twenty-five years of imprisonment. *See Greenidge*, 204 F.Supp.2d at 596.

*go–Cuesta v. INS*, 7 F.3d 291, 294 (2d Cir.1993) as supporting its position. *See Greenidge*, 204 F.Supp.2d at 597–598. The Report concluded that it was not as clear as the Government had argued that Greenidge's petition for § 212(c) relief was fatally defective, and thus recommended that the matter be remanded to the INS for further consideration of whether Greenidge became ineligible for § 212(c) relief on the basis of the INS's inclusion in the computation of the five-years of incarceration the time Greenidge served following the IJ's erroneous decision. *See id.* at 599–600.

The Government interposed no objection to the Report. *See id.* at 595. Instead, on remand, the BIA again considered Greenidge's eligibility for § 212(c) relief in light of the Magistrate Judge's recommendation and ruled on May 7, 2002 that he was not. (*See In re Greenidge*, Certified Administrative Record, A37–175–049 (May 7, 2002) (attached as Ex. A to the Government's Return, dated February 28, 2003, at 2–3.)) The BIA cited the principle that "an application for discretionary relief is a continuing one, and the law is to be applied as of the time of the final administrative decision," and determined that at the time of its first denial of Greenidge's appeal on May 18, 1999 Greenidge in fact already had been incarcerated for more than five years, rendering him ineligible for § 212(c) relief. *Id.* On July 23, 2002, Greenidge filed the petition now before the Court.

## II. *DISCUSSION*

At the outset, the Court notes a misconception reflected in Greenidge's new petition. Greenidge contends that on remand the BIA failed to follow the Court's instruction in that he was not granted a hearing on the merits of his § 212(c) application. Nothing in the Court's remand Order mandated substantive consideration of Greenidge's waiver of deportation request in the first instance. The Order merely directed further proceedings consistent with the Report, meaning BIA consideration of whether the proper computation of the five-year term of incarceration for the purposes of § 212(c) eligibility should encompass the time Greenidge actually served in prison after the IJ's erroneous ruling on June 25, 1998 and up to the date of the BIA's May 18, 1999 adjudication. Greenidge argues that the BIA ignored the Report in once again rejecting his application by determining the five-year period to include all of the time during which his application was under administrative review after June 25, 1998.

■ Greenidge's argument would effectively require a tolling of the time-served calculation to account for an administrative error. The Court finds no merit in this contention. On remand, the BIA took note of the issue it was directed to consider and determined that at the time of its May 18, 1999 initial ruling affirming the IJ's decision and dismissing the appeal, Greenidge in fact had spent over five years of incarceration for an aggravated felony conviction, even if on June 25, 1998, when the IJ ruled him ineligible for § 212(c) relief based on an erroneous interpretation of the statute, he was approximately two months shy of the requisite time served.

The Court is persuaded that the BIA's May 7, 2002 ruling is supported by the doctrine of *Buitrago–Cuesta*, 7 F.3d at 296, as applied and further elaborated by subsequent rulings of this Court as well as courts in other Circuits. In *Buitrago–Cuesta*, the Second Circuit reviewed the decision of the BIA in the case of an alien who, like Greenidge, had spent less than five years in prison at the time he applied for § 212(c) relief, but had actually served more than the statutory period at the time the BIA finally ruled on his application

and denied it, counting within the requisite period of incarceration the time petitioner actually served as of the date of the IJ's decision. The Second Circuit, in affirming the BIA's adjudication, noted that "[c]hanges in law or fact occurring during the pendency of administrative appeals must be taken into account." *Id.* at 296 (citing *Anderson v. McElroy,* 953 F.2d 803, 806 (2d Cir.1992)). Accordingly, the court instructed that "the time aliens spend in prison during the course of a hearing for purposes of rendering them ineligible for § 212(c) relief" must be considered. *Id.*

Consistent with the premise of *Buitrago–Cuesta* that the five-year period is determined by the time the alien actually serves, and is not affected by administrative considerations, the Second Circuit in *Giusto v. INS,* 9 F.3d 8, 10 (2d Cir.1993), sustained the INS's practice of initiating deportation proceedings prior to the expiration of the five-year period. The Second Circuit rejected the argument that the timing of the INS's initiation of deportation proceedings, rather than the length of time the alien actually served in prison, would determine the availability of the waiver. *Id.*

In a recent application of the holding in *Buitrago–Cuesta* to a case involving a fact pattern analogous to the one at hand, this Court held that the time the petitioner served in prison following a BIA decision erroneously applying § 440(d) of AEDPA retroactively counted in determining eligibility for § 212(c) relief, even if the five-year period accrued while the petitioner awaited a ruling from the Second Circuit that established the proper construction of the statute. *See Davis v. Ashcroft,* No. 01 Civ. 6228, 2003 WL 289624 (S.D.N.Y. Feb.10, 2003). The *Davis* court noted that in considering the petitioner's second application for a § 212(c) waiver following the proper interpretation of the law, the INS correctly determined § 212(c) eligibility "in light of the facts as they then stood," in compliance with the Second Circuit's mandate in *Buitrago–Cuesta* that "'changes in law or fact occurring during the pendency of administrative appeals must be taken into account.'" *Id.* at *5 (quoting *Buitrago–Cuesta,* 7 F.3d at 296).

Similar results have obtained in several other recent cases decided by this Court, which held, based on the authority of *Buitrago–Cuesta,* that an erroneous application of AEDPA did not entitle a petitioner to § 212(c) eligibility when the five-year time served accrued during the pendency of the BIA's final removal determination. *See, e.g., Brown v. United States,* No. 01 Civ. 9864, 2002 WL 1836752, at *2 (S.D.N.Y. Aug. 12, 2002); *Cruz v. United States Dep't. of Justice,* No. 00 Civ. 0919, 2002 WL 986861, at *5 (S.D.N.Y. May 14, 2002); *Madera–Lora v. McElroy,* No. 02 Civ. 0309, 2002 WL 1766450, at *2 (S.D.N.Y. July 31, 2002); *see also Gomes v. Ashcroft,* 311 F.3d 43, 45 (1st Cir.2002) ("We join the Second Circuit ... in holding that the relevant date is when the BIA issued its decision.") (citing *Buitrago–Cuesta,* 7 F.3d at 296).

█ The Court also concludes, as did the *Davis* court, that Greenidge is not entitled to relief by reason of equitable estoppel precluding the INS from asserting the five-year limitation because of the IJ's initial error in applying the AEDPA. *See Davis,* 2003 WL 289624, at *6 (noting that "[e]quitable estoppel 'is not available against the government except in the most serious of circumstances, and is applied with utmost caution and restraint.'") (quoting *Rojas–Reyes v. INS,* 235 F.3d 115, 126 (2d Cir.2000)). The doctrine does not apply except in cases where a party demonstrates reasonable and detrimental reliance upon a misrepresentation by the Government as well as affirmative miscon-

duct by the Government. *See id.* (citing *City of New York v. Shalala,* 34 F.3d 1161, 1168 (2d Cir.1994)).

Nothing in the circumstances of this case warrants an application of equitable estoppel. Greenidge points to no INS misrepresentation upon which he reasonably relied, nor to any affirmative misconduct of the very limited type that justifies imposition of the doctrine. *See Davis,* 2003 WL 289624, at *7 (noting that the INS's erroneous retroactive application of AEDPA/IIRIRA did not amount to affirmative misconduct justifying equitable estoppel) (citing *Cook v. Pension Benefit Guarantee Corp.,* 652 F.Supp. 1085, 1091 (S.D.N.Y. 1987) ("A good faith, albeit erroneous, decision is not equivalent to affirmative misconduct."))

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the petition of Alexander Greenidge for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to close this case.

As Greenidge has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal of this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**