Reginald John **ANDERSON,**
Petitioner–Appellant,

v.

Edward J. **McELROY,** Assistant District Director of the Immigration and Naturalization Service and the Executive Office for Immigration Review, Respondents–Appellees.

No. 874, Docket 91–6260.

United States Court of Appeals,
Second Circuit.

Argued Jan. 6, 1992.

Decided Jan. 17, 1992.

Allan H. Wernick, New York City (Lynn Neugebauer, Wernick & Berger, New York City, of counsel), for petitioner-appellant.

Diogenes P. Kekatos, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., Gabriel W. Gorenstein, Asst. U.S. Atty., S.D.N.Y., of counsel), for respondents-appellees.

Before ALTIMARI, MAHONEY and WALKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Petitioner-appellant Reginald John Anderson appeals from a judgment entered in the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*), denying his petition for a writ of habeas corpus staying his deportation to Jamaica, pending a decision by the Board of Immigration Appeals ("BIA") on his motion to reopen deportation proceedings. In May 1991, the BIA issued a final order of deportation against Anderson, notwithstanding the INS' recommendation that the case be remanded to an Immigration Judge ("IJ") for a hearing on whether Anderson was eligible for relief from deportation under Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c). Although petitioner did not appeal this decision directly, he moved to reopen his case on the eve of his deportation. Accordingly, he applied for a stay of deportation pending disposition of his motion to reopen deportation proceedings. The BIA denied the stay, concluding that it was unlikely Anderson's motion to reopen would succeed. Anderson then petitioned the United States District Court for the Southern District of New York for habeas

relief. The district court concluded that the BIA had not abused its discretion by denying the motion for a stay and thus denied Anderson's petition.

For the reasons set forth below, we reverse the judgment of the district court and remand for further proceedings.

## BACKGROUND

In 1972, Reginald John Anderson came to the United States from Jamaica as a nonimmigrant visitor. Two years later, he married Rose Lopez, a legal permanent resident of the United States. The couple had two children, who are now seventeen and fifteen years of age. On January 21, 1983, Anderson became a legal permanent resident on the petition of his wife Rose. Later that year, the couple divorced. In May 1987, Anderson was convicted, in the United States District Court for the Western District of Kentucky, of possession, with intent to distribute, marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Anderson served two years of his sentence and was released on parole.

Following Anderson's conviction, the INS sought to deport him to Jamaica, pursuant to INA § 241(a)(11), 8 U.S.C. § 1251(a)(11). Thereafter, on August 15, 1989, an IJ issued an order of deportation against Anderson, concluding that he was deportable as a result of his conviction. Anderson appealed this decision to the BIA.

During the pendency of the appeal, Anderson achieved seven years of continuous residency as a lawful permanent resident in the United States, making him eligible for relief from deportation pursuant to INA § 212(c). As a result, the Immigration and Naturalization Service ("INS") requested that the BIA vacate the IJ's deportation decision and remand the case for a full hearing on Anderson's application for a § 212(c) waiver of deportability. The BIA refused this request, concluding that "no evidence has been presented to establish that respondent is prima facie eligible for relief." Accordingly, the BIA issued a final order of deportation. Anderson did not appeal this decision.

The INS then issued a deportation notice on June 28, 1991, which Anderson claims that he did not receive. Subsequently, on September 16, 1991, the INS gave Anderson notice that he was to present himself on September 26, 1991 for deportation. Thereafter, Anderson moved to reopen deportation proceedings. Additionally, he requested that the District Director of the INS issue a stay of deportation. He made the same request of the BIA. On September 25, 1991, before the District Director of the INS had ruled on the motion, the BIA denied Anderson's request for a stay. One day later, Anderson petitioned the United States District Court for the Southern District of New York for habeas corpus relief, claiming that the BIA abused its discretion by denying his motion to stay deportation pending disposition on his motion to reopen. The district court denied the petition, concluding that the BIA did not abuse its discretion by determining "that the equities in this case were not sufficient to warrant relief from deportation." However, the district court granted a stay pending an expedited appeal. Anderson now appeals from the judgment of the district court on an expedited basis.

## DISCUSSION

■ The central question presented by this appeal is whether the BIA abused its discretion by failing to grant petitioner a stay of deportation, pending disposition of his motion to reopen deportation. In reviewing the BIA's denial of a stay of deportation pursuant to a habeas petition, a district court applies an abuse of discretion standard. *See, e.g., Blancada v. Turnage,* 891 F.2d 688, 689–90 (9th Cir.1989). We then review *de novo* the district court's judgment. *See id.; Bothyo v. Moyer,* 772 F.2d 353, 355–57 (7th Cir.1985).

■ Once an alien is deported, any motion that he or she has made to reopen deportation proceedings is considered to have been withdrawn. *See* 8 C.F.R. § 3.2; *see also Vargas v. INS,* 938 F.2d 358, 361 (2d Cir.1991). Thus, since Anderson filed his motion to reopen proceedings at such a late date, his motion will not be fully con-

sidered unless he is granted a stay. The BIA, concluding that, "there [was] little likelihood that the motion [to reopen] will be granted," denied Anderson's motion to stay his deportation. We believe, however, that Anderson's motion to reopen should be fully litigated.

In his motion to reopen deportation proceedings, Anderson urged the BIA to reconsider its denial of his prior motion for § 212(c) relief. Anderson claimed that the BIA erred by concluding that he had failed to make a prima facie showing of eligibility for § 212(c) relief. To support his claim, Anderson noted his "long term residence, close family ties [and] steady employment history." Additionally, Anderson emphasized that after the deportation order issued, he married an American citizen.

Anderson's claim that the BIA failed adequately to consider his eligibility for § 212(c) relief is not unfounded. At the time of the IJ's hearing on his deportation, Anderson was not statutorily eligible for relief under § 212(c), since he had not been a permanent resident alien domiciled in the United States for seven continuous years. While Anderson's appeal to the BIA was pending, however, he achieved seven continuous years as a lawful permanent resident and became eligible for § 212(c) relief. As a result, the INS requested that the BIA remand the case to the IJ for a hearing concerning Anderson's eligibility for relief from deportation. The BIA summarily denied this request, concluding that Anderson was not "prima facie eligible for relief." We view the BIA's action as an abuse of discretion.

■ We believe that when presented with a recommendation from the INS, with which a petitioner concurs, the BIA must give the INS' recommendation ample consideration. Indeed, it seems apparent that in this case, Anderson relied on the INS' recommendation and was probably deterred from completely presenting his case to the BIA. Here, the BIA cursorily dismissed the parties' agreement that a remand was proper by stating that "no evidence of hardship has been submitted nor is there otherwise sufficient evidence that

relief should be granted in the exercise of discretion." Since the BIA gave no deference to the parties' request for a remand, and did not itself fully explore petitioner's eligibility for § 212(c) relief based on the evidence presented, we find that the BIA acted arbitrarily and capriciously.

■ If this issue had been presented to us on direct appeal, we could have remanded the case to the IJ for a hearing on the § 212(c) motion. Anderson, however, failed to bring a direct appeal from the BIA's deportation order. Therefore, we may only consider whether the BIA abused its discretion by denying Anderson's request for a stay. The government argues that, while all pertinent information may not have been before the BIA when it denied petitioner's motion for § 212(c) relief, the BIA had all relevant information when it denied the stay. The district court accepted this argument when it denied Anderson's petition for habeas corpus relief. However, the BIA's cryptic order denying the stay, although ostensibly based on the full record, is devoid of any reasoning and thus also is an abuse of discretion. *See Wong Wing Hang v. INS,* 360 F.2d 715, 719 (2d Cir.1966). Where the BIA's discretion is "exercised irrationally or in bad faith" it is an abuse of discretion. *Bertrand v. Sava,* 684 F.2d 204, 213 (2d Cir.1982). When faced with cursory, summary or conclusory statements from the BIA, we cannot presume anything other than such an abuse of discretion, since "the BIA's denial of relief can be affirmed only on the basis articulated in the decision ... and we cannot assume that the BIA considered factors that it failed to mention in its decision." *Mattis v. INS,* 774 F.2d 965, 967 (9th Cir.1985) (citation omitted). Because we conclude that the BIA acted inappropriately by failing to consider the record as a whole when it issued its opinion denying the remand, and failed to issue a reasoned opinion when it purportedly did consider the entire record, we believe that petitioner should be allowed to litigate fully his motion to reopen deportation proceedings. While we do not pass on the merits of petitioner's motion to reopen, we find

that petitioner's deportation should be stayed pending disposition of the motion to reopen.

### CONCLUSION

Based on the foregoing, we reverse the judgment of the district court and remand for additional proceedings.