**Chang Tong ZHENG Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS Respondent.**

**No. 03–40853–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2005.

Tao Lin, New York, New York, for Petitioner.

Kevin V. Ryan, United States Attorney, Northern District of California, Joann M. Swanson, Chief, Civil Division, Alex G. Tse, Assistant United States Attorney, Northern District of California, for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immi-

gration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is granted and the case is REMANDED for further proceedings consistent with this order.

Chang Tong Zheng, through counsel, petitions for review of the BIA decision denying Zheng's motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

"The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur,* 413 F.3d at 234 (internal quotation marks omitted). The regulations, in turn, provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur,* 413 F.3d at 234. Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to estab-

lish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA can also properly deny a motion to reopen where it determines that, even if petitioner were eligible for asylum, he or she would not be entitled to a discretionary grant of relief. *Id.* at 105. At the same time, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao,* 265 F.3d at 97.

In this case, the BIA abused its discretion in denying the petitioner's motion to reopen insofar as it failed to consider the documented evidence of changed circumstances arising in China that Zheng submitted

In his 2003 motion to reopen, Zheng presented evidence that he was persecuted in China on account of his and his wife's opposition to the coercive population policies, and that he has a well-founded fear based on that persecution. In support of his claim, Zheng submitted a brief in which he detailed alleged persecution of his wife under China's coercive population policies, including a forced abortion, a forced IUD insertion, and two separate fines she was forced to pay for violating the policies. He also presented evidence that the couple had a second child on May 5, 2002, in the U.S., and that his family received a government notice on April 9, 2003, that the family planning policy in China had been codified as law in December 2001. Zheng presented background material, including Congressional testimony by expert John Aird, that the enactment of the December 2001 law was intended to lead to a more stringent enforcement of birth control policies, and that if a couple has two children, one of the spouses must be sterilized. Zheng also submitted letters that he re-

ceived from his family telling him that, according to the new law, if he returned, either he or his wife would be sterilized. In addition, he submitted a letter from the Village Committee that, because he and his wife had violated the birth control law by having two children, the couple would be sterilized.

The BIA did not directly address Zheng's claim that he was persecuted based on his and his wife's opposition to China's coercive population policy but, instead, focused on his original application in which he had falsely claimed persecution based on his pro-democracy activities. The BIA also dismissed Zheng's claim of changed circumstances arising in China, stating that Zheng's allegations of ineffective assistance of counsel and of the birth of his second child in the U.S. do not amount to changed circumstances.

■ The BIA correctly held that the birth of Zheng's second child in the U.S. does not amount to "changed circumstances" under the regulations. *See Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003). But the BIA failed to address Zheng's claim that circumstances in China had changed for birth control violators since his last application, and the BIA did not mention any of the evidence introduced by Zheng in support of that argument. While the BIA has broad discretion to grant or deny an alien's motion to reopen, if it does not articulate a reasoned basis for rejecting the alien's motion, it has abused its discretion. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 97 (2d Cir.2001). The BIA must, at a minimum, provide a sufficient basis for a reviewing court to discern the BIA's reasons for declining to afford an alien relief. *See, e.g., Anderson v. McElroy,* 953 F.2d 803, 806 (2d Cir.1992). Here, the Board's failure to consider the documented evidence that Zheng submitted of changed circum-

stances arising in China --- evidence that clearly was not available at the petitioner's previous hearings --- constituted an abuse of discretion.

For the foregoing reasons, the petition for review is GRANTED, the BIA's October 9, 2003 order is VACATED, and the case is REMANDED to the BIA for a determination of whether the evidence that Zheng has submitted demonstrates changed circumstances in China and, thus, provides an exception to the 90 day time-period for filing under 8 C.F.R. § 1003.2(c)(3)(ii). If the BIA determines that the evidence provides an exception to the filing period requirement, the BIA must determine whether Zheng has demonstrated that he merits the relief he seeks.