11-2753-ag
Jayaratne v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of October, two thousand twelve.

PRESENT: REENA RAGGI,
         GERARD E. LYNCH,
         DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

SEPALA JAYARATNE, DARSHANI SEHARA
JAYARATNE, SAVINDU KANISHKA JAYARATNE,
MANETH CHANDRIKA JAYARATNE,
         Petitioners,

         -v.-                                    11-2753-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         Respondent.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONERS:          NITIN KAUSHIK, Kaushik &
                          Associates, PLLC, New York, New
                          York (Sepala Jayaratne, pro se,
                          Staten Island, New York, on the
                          brief).

FOR RESPONDENT:           EDWARD E. WIGGERS, Trial Attorney
                          (Tony West, Assistant Attorney
                          General, John S. Hogan, Senior
                          Litigation Counsel, on the brief),
                          Office of Immigration Litigation,
                          Civil Division, United States
                          Department of Justice, Washington,
                          D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the decision of the Board of Immigration Appeals ("BIA") is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Petitioners Sepala Jayaratne, Darshani Sehara Jayaratne, and their sons Savindu Kanishka Jayaratne and Maneth Chandrika Jayaratne -- natives and citizens of Sri Lanka -- seek review of a June 8, 2011, decision of the BIA reversing the March 11, 2009, decision of Immigration Judge ("IJ") Philip L. Morace, granting their applications for asylum. In re Sepala Jayaratne, Nos. A089 255 595/594/596/597 (B.I.A. June 8, 2011), rev'g Nos. A089 255 595/594/596/597 (Immig. Ct. N.Y.C. Mar. 11, 2009). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

To establish eligibility for asylum, petitioners must show that they suffered past persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion, or that they have a well-founded fear of future persecution on account of one of these grounds. See 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13(b); Yanqin Weng v. Holder, 562 F.3d 510, 513-14 (2d Cir. 2009); Yan Chen v. Gonzales, 417 F.3d 268, 270 (2d Cir. 2005); Osorio v. INS, 18 F.3d 1017, 1031 (2d Cir. 1994) (discussing well-founded fear of future persecution).

-2-

When the BIA issues an opinion, it becomes the basis for our judicial review. See <u>Yan Chen</u>, 417 F.3d at 271. We review the BIA's factual findings for "substantial evidence" and its application of law <u>de novo</u>. See <u>Yanqin Weng</u>, 562 F.3d at 513. Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Yan Chen</u>, 417 F.3d at 271 (quoting <u>Alvarado-Carillo v. INS</u>, 251 F.3d 44, 49 (2d Cir. 2001)) (internal quotation marks omitted).

The BIA concluded that the Jayaratnes failed to establish past political persecution because: (1) the severity of events presented did "not rise to the level necessary to establish persecution" (R. 3 (citing <u>Ivanshvili v. U.S. Dep't of Justice</u>, 433 F.3d 332 (2d Cir. 2006))); and (2) the evidence did not show that the Liberation Tamil Tigers of Eelam (the "LTTE") had targeted them on account of a protected ground, namely their political opinion, <u>see</u> 8 U.S.C. § 1101(a)(42). The BIA further concluded that the Jayaratnes failed to establish a well-founded fear of future persecution because they presented only a "single physical encounter" with the LTTE, and they survived, after that encounter, for two months in Sri Lanka without incident. (R. 3).

Although "kidnapping is a very serious offense" that could qualify as persecution when coupled with a motivation to persecute on account of a protected ground, <u>Delgado v. Mukasey</u>, 508 F.3d 702, 707 (2d Cir. 2007) (internal quotation marks and alterations omitted), we cannot conclude that the BIA erred in

-3-

holding that the attempted kidnapping and its accompanying circumstances did not demonstrate past persecution so as to give rise to a presumptive fear of future persecution. See 8 C.F.R. § 208.13(b)(1). Nevertheless, such an attempted kidnapping would be entitled to greater weight than would mere verbal threats in evaluating petitioners' claim of feared future persecution. With that in mind, we identify certain concerns with the agency's assessment of the Jayaratnes' professed fear of future persecution that prompt us to grant the petition, vacate the BIA's decision, and remand the case for further proceedings consistent with this order.

First, with respect to the Jayaratnes' claim that they feared future persecution on account of their political opinion, the BIA's analysis was insufficient for us to determine whether the correct legal standard was applied. See Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007). The BIA concluded that the IJ did not make "a specific finding that the persecutors were in fact motivated 'for one central reason' based on an enumerated ground" because the IJ stated that the attempted kidnapping "'may very well have been as punishment for [a] political opinion.'" (R. 3 (emphasis added) (quoting R. 94)). The IJ, however, concluded in the context of its well-founded fear analysis that "what happened to [the Jayaratnes] in 2007 [was] based on their political opinion or political opinion that may be imputed to them by members of the LTTE." (R. 94).

-4-

The Jayaratnes' political opinion need not be <u>the</u> central reason for their alleged persecution; indeed, there may be other causes of persecution, and the Jayaratnes must show that their political opinion "was or will be at least one central reason" for the feared persecution.  8 U.S.C. § 1158(b)(1)(B)(i); <u>see</u> <u>Osorio</u>, 18 F.3d at 1028 ("The plain meaning of the phrase persecution on account of the victim's political opinion, does not mean persecution <u>solely</u> on account of the victim's political opinion." (internal quotation marks omitted)).

Here, it is unclear whether:  (1) the IJ in fact concluded that the Jayaratnes were targeted for persecution on account of their political opinion; (2) the BIA accurately characterized the IJ's decision; and (3) the BIA applied the correct standard -- that the Jayaratnes' political opinion need only be one central reason, not the central reason, for their persecution.  <u>See</u> § 1158(b)(1)(B)(i).  Although we review opinions of the BIA with deference, we require the BIA's opinions denying asylum to provide "a certain minimum level of analysis" and clarity for our judicial review to be meaningful.  <u>Poradisova v. Gonzales</u>, 420 F.3d 70, 77 (2d Cir. 2005); <u>see</u> <u>Manzur</u>, 494 F.3d at 289.  Thus, we remand the case to the BIA for further analysis and clarification; in addition, it may be useful for the BIA in turn to remand the case to the IJ so that he can clarify some of his equivocal remarks.

Second, in holding that the Jayaratnes did not establish a well-founded fear of persecution, the BIA concluded

that the absence of any actual or threatened harm from the time of the attempted kidnapping on June 16, 2007, to the day the Jayaratnes left Sri Lanka on August 10, 2007, was "significant." (R. 3). The BIA's holding in this respect, however, was not supported by substantial evidence. See Yan Chen, 417 F.3d at 271. Darshani Sehara Jayaratne explained that during this time, her family acted discreetly and with caution, and that they delayed reporting the LTTE's threat letter to the police in Sri Lanka because they feared the very retaliation threatened in the letter.

Before the IJ, the government conceded that the Jayaratnes did not encounter the LTTE or threats from the LTTE after the attempted kidnapping and before their flight from Sri Lanka because they complied with the threat letter and did not report the incident to the police. On this record, we cannot identify a basis in the evidence to support the BIA's determination that the Jayaratnes' failure to suffer acts of persecution for a brief period before their flight from Sri Lanka defeats their claim of a well-founded fear of future persecution. See id.[1]

---

[1] The government's brief to this Court confirms Darshani Sehara Jayaratne's statements, noting that the Jayaratnes were afraid to report the kidnapping or threat letter because they feared that the LTTE had informants within the police force, and that, after the kidnapping and before their flight to the United States, Sepala and Darshani would escort their children to and from school and watch over them while they were at school.

Third, the record is not clear as to whether the BIA considered the country condition reports submitted by the Jayaratnes in rejecting their claimed fear of future persecution. See id. at 272. While we do not require the BIA to expressly discuss or refute every piece of evidence offered by petitioners, see Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008), "[w]e cannot assume that the BIA considered factors it failed to mention in its decision," Poradisova, 420 F.3d at 77 (quoting Anderson v. McElroy, 953 F.2d 803, 806 (2d Cir. 1992) (internal quotation marks omitted)); see also Ruqiang Yu v. Holder, No. 11-2546-ag, slip op. at 9 (2d Cir. Sept. 7, 2012) ("While the BIA is not obliged to recite every fact, its failure to meaningfully engage with the record showcases its failure to assess Yu's claim under the correct legal standard."). Here, the country condition reports could have been relevant in providing context for the Jayaratnes' claimed fear of future persecution and, indeed, the IJ relied on the country reports in the record to grant asylum to the Jayaratnes.

On remand, the BIA may also wish to expand the record to include country reports cited to this court but not yet available at the time of the IJ's decision or the parties' submissions to the BIA, which suggest that conditions in Sri Lanka may have changed since the Jayaratnes filed their application for asylum. Specifically, the Sri Lankan army defeated the LTTE in May of 2009. See U.S. Dep't of State, Sri Lanka, Country Reports on Human Rights Practices 2010 (2011).

While this might seem to undermine the Jayaratnes' claim that their fear of LTTE persecution upon return to Sri Lanka remains well founded, the State Department further reports that "[r]epercussions of the nearly 30-year war against the [LTTE] continued to have an effect on human rights, despite the defeat of the LTTE." Id. Whether or not this effect can fairly be attributed to the government, see Rizal v. Gonzales, 442 F.3d 84, 92 (2d Cir. 2006), is something that may need to be addressed.

For the foregoing reasons, the petition is **GRANTED**. Accordingly, we **VACATE** the BIA's decision and **REMAND** to the BIA for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK