**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO OLIVERIO MORALES-CHO, | No. 12-71050 |
| Petitioner, | |
| v. | Agency No. A088-889-844 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:      McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Ernesto Oliverio Morales-Cho, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Morales-Cho sought asylum and withholding of removal on the basis of his membership in a particular social group.

The record does not compel the conclusion that Morales-Cho established that he qualified for either the changed or extraordinary circumstances exception to excuse an untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("[a]s a general rule, ignorance of the law is no excuse"). Thus, his asylum claim fails.

With respect to Morales-Cho's withholding of removal claim, however, when the IJ and BIA issued their decisions in this case they did not have the benefit of either this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, No. 09-73671, 2014 WL 1797657 (9th Cir. May 7, 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Further, although the BIA references nexus, we cannot affirm on this ground because the BIA incorporated the IJ's reasoning, and the IJ's denial was based in part on cognizability. Thus, we

remand Morales-Cho's withholding of removal claim to determine the impact, if any, of the foregoing decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.