FILED
United States Court of Appeals
Tenth Circuit

June 24, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MARIA CANDELARIA
VALDERRAMA-VALDEZ,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

Respondent.

No. 14-9618
(Petition for Review)

ORDER AND JUDGMENT[**]

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

Petitioner Maria Candelaria Valderrama-Valdez, a native and citizen of Mexico,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

dismissing her appeal from an immigration judge's denial of her claim for protection

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the Convention Against Torture (CAT). The government concedes error and has filed an unopposed motion for remand. We reverse and remand.

Petitioner testified that she had arranged for a man named Daniel to smuggle her and a friend into the United States in the trunk of a car. But she got very nervous and the operation was aborted when she "started screaming and hitting the car." Admin. R. at 58. Daniel telephoned her the next day about a new attempt, but Petitioner was no longer interested. Her friend and four acquaintances, however, went with Daniel to try again to enter the United States. A few hours after they left, Petitioner received a text message that the group had been kidnapped and was being held for ransom.

According to Petitioner, she reported the kidnapping to the authorities and identified Daniel as the perpetrator. Just minutes after leaving the police station, she received a telephone call from Daniel, who told her to shut up or she would also be kidnapped. She then reported Daniel's threat to the authorities, who told her there was nothing they could do and advised her to move to another city. Petitioner thought that Daniel was "in cahoots with the police." *Id*. at 65. She moved to Tijuana, where she stayed for two months before unlawfully entering the United States.

Petitioner's CAT argument to the BIA was that if she returned to Mexico, Daniel would torture her and the government would acquiesce. But the BIA did not address that argument. Instead, it found "inadequate evidence to support [Petitioner's] speculative claim that *the Mexican police* are likely to victimize her." *Id*. at 4 (emphasis added). We

agree with the parties that we must reverse the denial of relief under the CAT and remand to the BIA for consideration of the argument Petitioner actually made.

We grant the petition for review and remand to the BIA for consideration of Petitioner's claim under the CAT. We deny as moot Respondent's Unopposed Motion for Remand to the Board of Immigration Appeals.

Entered for the Court


Harris L Hartz
Circuit Judge