# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60556

United States Court of Appeals
Fifth Circuit

**FILED**

April 12 2018

Lyle W. Cayce
Clerk

DRIN SYLEJMANI,

　　　　Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

　　　　Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A097-682-016

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

　　Petitioner Drin Sylejmani seeks review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings as untimely. Because the BIA failed to provide a reasoned explanation for its decision, we GRANT Sylejmani's petition for review and REMAND for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60556

## I. BACKGROUND

Sylejmani, a citizen of Kosovo, was admitted to the United States on a J-1 exchange visitor visa. The visa permitted him to remain in the country until September 30, 2012, but he stayed beyond that date without authorization. In September 2013, Sylejmani retained attorney Nicholas Nevarez, Jr., who assisted Sylejmani and Sylejmani's then-wife (herself a U.S. citizen) with paperwork supporting Sylejmani's application for adjustment to lawful permanent resident status.

In February 2014, the Department of Homeland Security (DHS) initiated removal proceedings against Sylejmani, charging that he failed to maintain his status as an exchange visitor student and had remained in the United States without authorization. An initial hearing was held before an immigration judge (IJ) in April 2014. Because Sylejmani did not have an attorney at the hearing, the IJ continued the proceedings to afford him the opportunity to obtain one.

Sylejmani and his first wife divorced on August 21, 2014. Sylejmani then married his second wife (also a U.S. citizen) on October 7, 2014. Nevarez witnessed and performed the marriage ceremony. On November 10, 2014, Sylejmani's second wife filed a Form I-130 Petition for Alien Relative with United States Citizenship and Immigration Services (USCIS).[1]

---

[1] As explained by the BIA, the filing of an I-130 with USCIS commences a "two-step process" for "family-based adjustment of status." *In re Hashmi*, 24 I. & N. Dec. 785, 789 (BIA 2009). At the first step, "[t]he petitioner must establish his or her own United States citizenship or lawful permanent resident status and the bona fides of the claimed relationship to the beneficiary and must also show that the family relationship meets the statutory requirements." *Id.* At the second step, which begins when "the I-130 is approved and an immigrant visa is immediately available," the respondent/beneficiary applies for adjustment of status. *Id.* To establish adjustment eligibility, the respondent/beneficiary must show "that he has been inspected and admitted or paroled into the United States; is eligible to receive an immigrant visa and has a visa immediately available to him; is not statutorily barred from adjustment; and is admissible to the United States within the meaning of section 212(a) of

2

No. 16-60556

*The November 2014 Hearing*

The immigration court held a second hearing on November 12, 2014. Sylejmani, who was represented by Nevarez at that hearing, conceded removability but sought relief from removal via adjustment of status. Nevarez told the IJ that "an I-130 has been filed and is pending." The IJ observed that because the second marriage occurred while removal proceedings were pending, there was a presumption that it was not entered into in good faith, and that Sylejmani therefore needed to present evidence to rebut that presumption. The IJ referred to the BIA's decision in *In re Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), which sets forth the factors that an IJ should consider when determining whether to grant a continuance of "removal proceedings pending final adjudication of an I-130 filed in conjunction with an adjustment application" (i.e., a "*Hashmi* continuance"). *Id.* at 790.

Nevarez requested a continuance so that he could gather evidence to support a request for a *Hashmi* continuance, telling the IJ that he had just been retained to represent Sylejmani in the case that same day. The IJ asked when Sylejmani had hired Nevarez, and Nevarez replied, "for the deportation, yesterday." The Government's attorney opposed a continuance. Nevarez provided a copy of the I-130 petition and an accompanying letter. The IJ stated there was no evidence that the I-130 had actually been filed, no copy of the couple's marriage license, and no birth certificate or other evidence establishing that Sylejmani's second wife was a U.S. citizen. In light of this lack of evidence, the IJ refused to grant a continuance.

---

the [Immigration and Nationality] Act or, if inadmissible, is eligible for a waiver of inadmissibility." *Id.*

3

No. 16-60556

Since Nevarez could not present any other basis for relief, the IJ asked whether Sylejmani wanted to request voluntary departure. The IJ advised Sylejmani that:

> The benefit to you of voluntary departure . . . is that if your I-130 is later filed and if it's approved and you can adjust your status, voluntary departure does not prevent you from doing that. If you don't take voluntary departure and you end up with a removal order, then of course you'll be barred from adjusting your status for ten years.

After consulting with Nevarez, Sylejmani accepted voluntary departure, which required him to leave the United States by March 10, 2015. The IJ's written order granted Sylejmani "pre-conclusion voluntary departure . . . in lieu of removal" and included a provision stating that Sylejmani had "waived appeal of all issues."

### Appeal to the BIA

Within a month, Sylejmani retained a new attorney, Orlando Mondragon, who filed an appeal with the BIA. Mondragon argued that the IJ's denial of a continuance to allow Nevarez to obtain evidence and familiarize himself with the case amounted to effective denial of Sylejmani's right to counsel, and that the IJ erroneously denied a *Hashmi* continuance. On October 23, 2015, the BIA dismissed the appeal for lack of jurisdiction, finding that Sylejmani waived his right to appeal by accepting pre-conclusion voluntary departure.

### The Motion to Reopen

On April 18, 2016, Sylejmani, having obtained new counsel, filed a motion to reopen his case with the BIA. His central contention was that Nevarez and Mondragon rendered ineffective assistance of counsel. Specifically, Sylejmani argued that he hired Nevarez over a year before the November 2014 hearing, that Nevarez's unjustifiable failure to prepare for that

4

hearing resulted in the denial of a *Hashmi* continuance, and that Nevarez's subsequent advice to elect voluntary departure substantially limited Sylejmani's ability to obtain other relief. Sylejmani further asserted that Mondragon provided ineffective assistance by filing an appeal he knew would be dismissed due to Sylejmani's waiver, and by advising Sylejmani not to file a complaint against Nevarez, even though such a complaint would have allowed Sylejmani to reopen the proceedings based on Nevarez's ineffectiveness. Sylejmani acknowledged that the motion to reopen had not been filed within 90 days of the BIA's dismissal of his appeal but maintained that equitable tolling applied because (1) the ineffective assistance of both of his prior attorneys qualified as an extraordinary circumstance, and (2) he was diligent in pursuing his claims.

Sylejmani attached a substantial amount of evidence to his motion to reopen, including: a sworn affidavit recounting his representation by Nevarez and Mondragon; correspondence with Nevarez and Mondragon regarding their allegedly deficient performance; grievances filed by Sylejmani against both attorneys with the State Bar of Texas, and responses thereto; various immigration forms, including the I-130 petition filed by Sylejmani's second wife; tax returns, including a 2014 tax return jointly filed by Sylejmani and his second wife; and the second wife's birth certificate, which shows that she was born in the United States.

### *The BIA's Denial of the Motion to Reopen*

On July 22, 2016, the BIA issued an order denying Sylejmani's motion to reopen "as untimely filed." The BIA's only reference to equitable tolling appeared in a single sentence: "Moreover, we decline to equitably toll the applicable time limits based on the respondent's alleged ineffective assistance of former counsel(s) claim."

Sylejmani then filed a timely petition for review in this court.

## II.  STANDARD OF REVIEW

We review the BIA's denial of a motion to reopen for abuse of discretion. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). Though "'highly deferential,'" *id.* (quoting *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014)), this standard is not a rubber stamp. We will not uphold a BIA decision "that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (internal quotation marks and citation omitted). The BIA abuses its discretion when it fails to provide a "reasoned explanation" for its decision, ignores or fails to fully address important aspects of an individual's claim, or fails to meaningfully consider relevant evidence. *Tassi v. Holder*, 660 F.3d 710, 719 (4th Cir. 2011); *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966–67 (9th Cir. 2006); *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996); *Diaz-Resendez v. INS*, 960 F.2d 493, 495 (5th Cir. 1992).

## III.  DISCUSSION

"An alien ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings." *Mata v. Lynch*, 135 S. Ct. 2150, 2153 (2015) (citing 8 U.S.C. § 1229a(c)(7)(A)). Subject to certain exceptions not relevant here, a statutory motion to reopen removal proceedings must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2); *Mata*, 135 S. Ct. at 2153. A motion to reopen filed after this 90-day deadline is untimely, unless equitable tolling is found to apply.

In *Lugo-Resendez*, we held that the BIA must equitably toll the 90-day filing period if an individual establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." 831 F.3d at 344 (internal quotation marks

No. 16-60556

and citations omitted). As we explained, "[t]he first element requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence," and "[t]he second element requires the litigant to establish that an extraordinary circumstance beyond his control prevented him from complying with the applicable deadline." *Id.* (internal quotation marks and citations omitted).

In his motion to reopen, Sylejmani conceded that he had not met the 90-day deadline but urged the BIA to apply equitable tolling. First, he argued that the ineffective assistance provided by his two previous attorneys qualified as an "extraordinary circumstance." In that connection, he contended that compliance with the "strict procedural framework" set forth by the BIA in *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), entails "a lengthy, time-consuming process" that merits equitable tolling, particularly given "the challenges of discovering the ineffective assistance" in the first place.[2] Second, Sylejmani argued that he "diligently pursued his claim" by: (1) promptly seeking new counsel after the BIA dismissed his appeal and he "realized the error of his previous counsel"; and (2) subsequently taking steps to comply with *Lozada*'s requirements by collecting the written records in his case, submitting his

---

[2] In *Lozada*, the BIA established three procedural criteria that an individual "must satisfy before bringing a 'motion based upon a claim of ineffective assistance of counsel.'" *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014) (quoting *Lozada*, 19 I. & N. Dec. at 639)). *Lozada* requires:

> (1) an affidavit by the alien setting forth the relevant facts, including the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond, including any response; and (3) an indication that . . . a complaint has been lodged with the relevant disciplinary authorities, or an adequate explanation for the failure to file such a complaint.

*Hernandez-Ortez*, 741 F.3d at 647 (quoting *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000)).

No. 16-60556

allegations to both of his previous attorneys, providing them a reasonable time to respond, and then filing a complaint with the Texas State Bar.

We conclude that the BIA abused its discretion by denying the motion to reopen as "untimely filed" without providing a reasoned explanation for rejecting Sylejmani's equitable tolling argument. The BIA's decision does not mention the two key elements of equitable tolling—"diligence" and "extraordinary circumstance"—let alone meaningfully address Sylejmani's arguments as to why he met those elements in this particular case. *See Lugo-Resendez*, 831 F.3d at 344–45 (instructing the BIA to "consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate" and cautioning it "not to apply the equitable tolling standard too harshly" (internal quotation marks and citations omitted)). The decision refers to other issues—i.e., whether further hearings on Sylejmani's eligibility for adjustment of status are warranted and whether Sylejmani has demonstrated sufficient prejudice to establish the merits of his ineffective-assistance-of-counsel claim—but it fails to explain how those considerations are relevant to the motion's timeliness.[3] *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (describing equitable tolling as a "threshold" issue distinct from "the merits of the claim or claims underlying a motion to reopen"). All we are left with, then, is the BIA's conclusion that the motion was "untimely filed." We will not uphold orders based on "cursory, summary or conclusory statements from the BIA." *Anderson v. McElroy*, 953 F.2d 803, 806–

---

[3] In its brief, the Government makes various additional arguments that the BIA did not rely upon in its decision. It is well established that "courts may not accept appellate counsel's *post hoc* rationalizations for agency action" and that an agency's decision can only be upheld "on the same basis articulated in the order by the agency itself." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *accord Texas v. EPA*, 829 F.3d 405, 425 (5th Cir. 2016); *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981) (en banc) (courts "are not permitted to consider reasons other than those [the BIA itself] advanced").

No. 16-60556

07 (2d Cir. 1992); *accord Rodriguez-Gutierrez v. INS*, 59 F.3d 504, 508 (5th Cir. 1995) (reversing denial of motion to reopen based on BIA's "cursory" discussion).

We recognize that when the BIA issued its decision, we had not yet decided *Lugo-Resendez* and thus had not set forth a particular standard for assessing equitable tolling claims. *See* 831 F.3d at 344–45. We therefore remand this case to the agency so that it may apply the proper standard in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal quotation marks and citation omitted)); *Lugo-Resendez*, 831 F.3d at 344.

## IV.  CONCLUSION

For these reasons, we GRANT the petition for review and REMAND to the BIA for further proceedings consistent with this opinion. Sylejmani's motion to remand is DENIED as MOOT.[4]

---

[4] After briefing was completed, Sylejmani filed a motion to remand this matter to the BIA. He attached evidence to that motion showing that on January 10, 2018, USCIS approved the I-130 petition filed in November 2014. Because we have already concluded that a remand is warranted, Sylejmani's motion is moot. *See Valderrama-Valdez v. Lynch*, 608 F. App'x 700, 701 (10th Cir. 2015) (granting petition for review, remanding to the BIA, and denying motion for remand as moot); *Torres v. Holder*, 578 F. App'x 731 (9th Cir. 2014) (same). The BIA can consider this new evidence on remand. 8 C.F.R. § 1003.1(d)(3)(iv) (authorizing the BIA to "tak[e] administrative notice of . . . the contents of official documents"); *Singh v. Lynch*, 648 F. App'x 501, 506–07 (6th Cir. 2016) (concluding that BIA did not abuse its discretion when it relied on the denial of a visa petition in support of its decision to deny a motion to reopen, even though evidence of the denied visa was outside the record).